**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2587

_____

UNITED STATES

v.

JAMEL E. EASTER,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Action No. 1-07-cr-00153-002)
District Judge:  Hon. Sylvia H. Rambo

_____

Argued: January 15, 2020

_____

Before: JORDAN, GREENAWAY, JR., and KRAUSE,
*Circuit Judges*.

(Filed:  September 15, 2020)

Heidi R. Freese
Frederick W. Ulrich [ARGUED]
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
        *Attorneys for Appellant*

David J. Freed, U.S. Attorney for the Middle District of
Pennsylvania
Michael A. Consiglio [ARGUED]
Office of the United States Attorney
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108
        *Attorneys for Appellee*

_____

OPINION OF THE COURT
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Jamel E. Easter challenges the District Court's order denying his motion for a resentencing hearing or a reduction of his sentence under § 404 of the First Step Act of 2018 ("First Step Act"). Pub. L. No. 115-391, 132 Stat. 5194 (2018). Following the Fair Sentencing Act of 2010 ("Fair Sentencing Act") and Amendment 782 to the Sentencing Guidelines, which reduced by two levels some of the base

offense levels in the Sentencing Guidelines, the District Court granted Easter's unopposed motion to reduce his initial sentence. Following the enactment of § 404 of the First Step Act, however, Easter sought resentencing again, and this time the District Court declined to resentence Easter on the grounds that the First Step Act did not alter the guideline range applicable to Easter's offenses. *See* 18 U.S.C. § 3553(a)(4). In reaching that decision, the District Court did not indicate whether it had considered the other factors set out in 18 U.S.C. § 3553(a).

The question presented here is whether, when considering a motion for sentence reduction under the First Step Act, a court must consider anew all of the § 3553(a) factors. Nothing in the First Step Act directs district courts to deviate from § 3553(a)'s mandate that "[t]he court, in determining the particular sentence to be imposed, shall consider" the § 3553(a) factors. 18 U.S.C. § 3553(a). Our answer is therefore a resounding yes. We will vacate the denial of Easter's motion and remand for reconsideration of the motion.

## I. BACKGROUND

On February 8, 2008, Easter was convicted of various drug offenses involving crack cocaine and one firearms offense. At the time of his conviction, the drug counts each carried a mandatory minimum penalty of 10 years' imprisonment, a maximum penalty of life imprisonment, and a minimum term of supervised release of 5 years. The gun charge carried a mandatory minimum of 5 years' imprisonment to be served consecutively to the sentence on the drug counts.

3

The District Court determined that the applicable guideline range for the drug offenses was 168 to 210 months. The District Court based that determination on a finding that Easter was responsible for possessing 343.55 grams of crack cocaine, which consisted of the crack cocaine seized at the time of arrest and the amount Easter and his co-defendant Carlton Easter attempted to buy from an FBI informant. This finding yielded a base offense level of 32 under § 2D1.1 of the 2007 Sentencing Guidelines, which the District Court increased by two levels to 34 because Easter obstructed justice by driving aggressively in his attempt to evade arrest. The District Court finally determined his criminal history category to be II. Taken together, these findings yielded a guidelines range of 168 to 210 months. His firearm offense carried a term of 60 months' imprisonment. On March 31, 2009, the District Court sentenced Easter to 228 months' imprisonment. That sentence consisted of 168 months on the drug offenses to run consecutively to 60 months for the firearms offense followed by a term of 5 years' supervised release.

In November 2014, Amendment 782 to the United States Sentencing Guidelines became effective. U.S. Sentencing Guidelines Manual app. C, amend. 782 (U.S. Sentencing Comm'n 2014). Amendment 782 reduced by 2 levels the base offense levels of various drug quantities. *Id.* On October 7, 2015, the District Court granted Easter's unopposed motion for a retroactive sentence reduction pursuant to Amendment 782.[1]    Under Amendment 782,

---

[1]The Sentencing Commission expressly made Amendment 782 retroactive, effective November 1, 2015. *See* U.S.S.G. § 1B1.10(d).

Easter's base offense level decreased from 34 to 32, which corresponded to a guideline range of 135 months to 168 months' imprisonment for the drug offenses. The District Court imposed a sentence at the bottom of this range—135 months for the drug offenses and 60 months for the gun possession charge to run consecutively to the drug counts. The District Court therefore reduced his sentence on the drug charges from 168 months to 135 months and the 60-month consecutive term on the gun charge remained the same.

On December 21, 2018, Congress passed the First Step Act, which made the Fair Sentencing Act retroactively applicable.[2]

---

[2] The Fourth Circuit in *United States v. Venable*, 943 F.3d 187, 188–89 (4th Cir. 2019) has helpfully described the statutory background of the First Step Act as follows:

> The statutory framework for this case involves the intersection of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and the First Step Act. The Fair Sentencing Act reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) by increasing the amount of cocaine base required to trigger certain statutory penalties. In relevant part, Section 2 of the Fair Sentencing Act increased from 5 grams to 28 grams the quantity of cocaine base required to trigger the statutory penalties for a Class B felony set forth in 21 U.S.C. § 841(b)(1)(B). This change also meant that an offense for less than 28 grams would

5

At the time of Easter's initial sentencing, a violation of 21 U.S.C. § 841(a)(1) carried a mandatory minimum of 10 years' imprisonment and a maximum sentence of life imprisonment if the offense involved more than 50 grams of crack cocaine.

thereafter be classified as a Class C felony and subject to lower statutory penalties.

In late 2018, Congress enacted and the President signed into law the First Step Act, with the purpose of modifying prior sentencing law and expanding vocational training, early-release programs, and other initiatives designed to reduce recidivism. *See, e.g.*, John Wagner, *Trump Signs Bipartisan Criminal Justice Bill Amid Partisan Rancor over Stopgap Spending Measure*, Washington Post, Dec. 21, 2018. In particular, Section 404 of the First Step Act allows previously sentenced defendants to file a motion requesting the sentencing court to "impose a reduced sentence as if [S]ections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. 115-391, § 404; 132 Stat. 5194, 5222 (2018). A "covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* (alterations in original).

If the offense involved 5 grams or more of crack cocaine, then the violation carried a mandatory minimum of 5 years' imprisonment and a maximum sentence of 40 years' imprisonment. Under the Fair Sentencing Act, the offense must involve 280 grams or more of crack cocaine to trigger the 10-years-to-life range and 28 grams or more to trigger the 5-to-40-year range.

On April 26, 2019, Easter filed a motion requesting a resentencing hearing because he was convicted of a covered offense for which the statutory penalties were reduced by Section 2 of the Fair Sentencing Act. The Government opposed that motion and argued that Easter was not eligible for First Step Act relief, contending that eligibility turns not on the drug weight for which Easter was convicted (i.e., 50 grams) but on the drug weight for which he was held responsible at sentencing (i.e., 343.55 grams). The District Court disagreed and found Easter eligible under § 404(a) of the First Step Act.[3]

On June 25, 2019, the District Court denied Easter's motion in the order that is the basis for this appeal. Despite finding Easter eligible for First Step Act relief, the District Court explained that for sentencing purposes, Easter was held responsible for 343.55 grams of crack cocaine. His offense level was therefore 30 before adding the 2-level enhancement for use or possession of a firearm. A total offense level of 32 with a criminal history category of II, which is unchanged,

---

[3] The Government does not appeal that ruling. We have since held, consistent with the District Court's determination, that eligibility for § 404 relief "turns on a defendant's statute of conviction rather than his actual conduct." *United States v. Jackson*, 964 F.3d 197, 207 (3d Cir. 2020).

yielded a guideline range of 135 to 168 months. That range is identical to the guideline range he had following Amendment 782. Because the guideline range did not change and the guideline range was the only basis for his sentence, the District Court declined to exercise its discretion to resentence Easter. *See* J.A. at 7 ("The applicable mandatory minimum here . . . has no effect on Easter's sentence since his guideline range is greater than the 5-year mandatory minimum so resentencing him as if the [First Step Act] had been in effect at the time of the offense would change nothing."). In reaching this holding, the District Court failed to address Easter's request that it consider his post-sentence rehabilitation when determining whether to reduce his sentence. The District Court did not mention any other § 3553(a) factor in making this determination nor did it acknowledge that it had to consider the § 3353(a) factors in exercising its discretion.

Easter timely filed this appeal.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(1)(B), and we have jurisdiction under 28 U.S.C. § 1291. Where the District Court finds that a movant is eligible for a sentence modification under § 3582(c) but declines to reduce the sentence, we review the denial for abuse of discretion. *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (motions under § 3582(c)(1)(A)); *United States v. Weatherspoon*, 696 F.3d 416, 420 (3d Cir. 2012) (motions under § 3582(c)(2)).

We review a criminal sentence for a "violation of the law," 18 U.S.C. § 3742(a)(1), which includes both "(i) matters of statutory interpretation over which we have plenary review,

8

as well as (ii) questions about reasonableness," *United States v. Manzella*, 475 F.3d 152, 156 (3d Cir. 2007) (internal citations omitted), which we review for abuse of discretion. *United States v. Diaz*, 639 F.3d 616, 619 (3d Cir. 2011).

The parties dispute whether we review the District Court's decision de novo or for abuse of discretion. Although district courts have considerable discretion in determining an appropriate sentence, that discretion is subject to certain constraints. The question presented by this case pertains to what constraints the First Step Act puts on district courts when determining whether to grant a motion for sentence reduction. In essence, the issue to be resolved is one of statutory interpretation (i.e., the scope of the district court's legal authority); therefore, we will review the District Court's sentencing decision de novo.[4] *See United States v. Jackson*, 964 F.3d 197, 201 (3d Cir. 2020).

## III.  DISCUSSION

The question whether a sentencing court must consider the § 3553(a) factors when exercising its discretion to reduce the sentence of a defendant pursuant to a motion under § 404

---

[4] This is so even though the District Court did not enter an explicit holding that it lacked authority to reconsider the § 3553(a) factors when it decided not to resentence Easter. Easter's appeal challenges not how the District Court exercised its discretion in considering those factors, but rather the District Court's implicit determination as a matter of law that it need not consider all of the § 3553(a) factors.

9

of the First Step Act is a matter of first impression in our circuit. Although our sister circuits are divided over the precise nature of the proceedings that sentencing judges must conduct in this context, the emerging consensus is that, at a minimum, a district court may consider the § 3553(a) factors. For the following reasons, we hold that district courts must consider all of the § 3553(a) factors to the extent they are applicable.

In its order denying Easter's motion for resentencing, the District Court did not analyze this issue in any depth. Although it did consider the Sentencing Guidelines, and specifically the fact that the Guidelines range did not change for the specific violation committed here after the Fair Sentencing Act, it did not mention any other § 3553(a) factor. Easter contends that the District Court erred in not considering them all. For the reasons set forth below, we agree.

## A.    The Statutory Framework

Motions under § 404 of the First Step Act seek to modify a defendant's existing sentence. Accordingly, they fall under the purview of 18 U.S.C. § 3582(c). Sentence modifications under § 3582(c) constitute "exception[s] to the general rule of finality" of sentences. *Dillon v. United States*, 560 U.S. 817, 824 (2010); *see also id.* at 827 (describing § 3582(c)(2) as "a narrow exception to the rule of finality").

Section 3582(c) authorizes sentence modifications in four circumstances. The first two are set forth in § 3582(c)(1)(A), which permits sentence modifications (1) when "extraordinary and compelling reasons warrant such a reduction" or (2) when certain defendants reach 70 years of age, have served at least 30 years of their term, and have been determined not to pose a threat to society. 18 U.S.C.

10

§ 3582(c)(1)(A).    Section 3582(c)(1)(B) allows for modifications in a third situation; namely, "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Finally, § 3582(c)(2) permits modification of sentences in a fourth situation—where the sentencing ranges would be lower under later-revised Sentencing Guidelines.

First Step Act motions fall under § 3582(c)(1)(B). *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019), *as amended* (Nov. 21, 2019) ("[T]he distinct language of the First Step Act compels the interpretation that motions for relief under that statute are appropriately brought under § 3582(c)(1)(B)."). That is so because the authority for such proceedings stems not from "a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but rather from a sentencing range that had been lowered by statute. We therefore look to the text of § 3582(c)(1)(B) and § 404(b) to determine the procedural requirements of First Step Act motions. *See United States v. Sutton*, 962 F.3d 979, 984 (7th Cir. 2020) (noting that the "conditions, limits, or restrictions on the relief permitted" are found in § 404(b)).

**B.** **The District Court Must Consider the § 3553(a) Factors**

The text of both § 3582(c)(1)(B) and § 404(b) of the First Step Act support the holding that when deciding a motion for a reduced sentence pursuant to the First Step Act, a District Court must consider the § 3553(a) factors. Section 3582(c)(1)(B) states that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]" 18 U.S.C. § 3582(c)(1)(B).

Here, that statute is § 404(b) of the First Step Act, which gives the district court broad authority to "impose a reduced sentence." Importantly, § 404(b) uses the verb "impose" twice rather than "reduce" or "modify."[5] When a court "imposes" a sentence, the text of § 3553(a)—i.e., "**Factors to be considered in *imposing* a sentence**"—mandates that a district court "shall consider" the factors set forth therein. 18 U.S.C. § 3553(a) (italicized emphasis added); *see also Shall*, Merriam-Webster Abridged, https://www.merriam-webster.com/dictionary/shall (last visited September 9, 2020) (defining "shall" as an auxiliary verb "used in laws . . . to express what is mandatory").

Although § 3582(c)(1)(B) does not expressly mention § 3553, unlike § 3582(c)(1)(A) and § 3582(c)(2), that omission does not mean that § 3553(a) does not apply. First, § 3582(c)(1)(B) makes clear that the procedural framework for proceedings under that provision must be found either in the statute authorizing the resentencing or Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). Here, that statute, as discussed above, is the First Step Act, and § 404(b) clearly uses the verb "impose," which means that § 3553(a) applies. Second, and more pragmatically, if the district court were not required to consider these factors, then it is unclear how the district court's exercise of discretion would be reviewable on appeal.

---

[5] Section 404(b) states that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."

Several Courts of Appeals have held that consideration of § 3553(a) factors is permissive. *See, e.g.*, *United States v. Mannie*, --F.3d--, -- n.18, 2020 WL 4810084, at *8 (10th Cir. 2020) ("Notwithstanding the fact that neither the 2018 FSA nor § 3582(c)(1)(B) reference the 18 U.S.C. § 3553(a) factors, they are permissible, although not required, considerations when ruling on a 2018 FSA motion."); *United States v. Jones*, 962 F.3d 1290, 1304 (11th Cir. 2020) ("District courts have wide latitude . . . in [the § 404] context[, and i]n exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)."); *United States v. Moore*, 963 F.3d 725, 727 (8th Cir. 2020) ("When reviewing a section 404 petition, a district court may, but need not, consider the section 3553 factors." (citing *United States v. Williams*, 943 F.3d 841, 842 (8th Cir. 2019)); *United States v. Shaw*, 957 F.3d 734, 741 (7th Cir. 2020) ("[N]othing in the First Step Act precludes a court from utilizing § 3553(a)'s familiar framework when assessing a defendant's arguments; and doing so makes good sense."); *United States v. Jackson*, 945 F.3d 315, 322 n.8 (5th Cir. 2019) (declining to hold that "the court *must* decide the factors in 18 U.S.C. § 3553(a)," opting instead to "reserve the issue for another day"). Moreover, in *Moore*, the Eighth Circuit read "may . . . impose" in § 404(b) as ultimately permissive and thus rejected that "impose" by itself mandates consideration of the § 3553(a) factors. 963 F.3d at 728.

We decline to follow our sister circuits for four reasons.

First, as the district court explained in *United States v. Rose*, "Congress is not legislating on a blank slate, [so] the scope of the district court's discretion must be defined against the backdrop of existing sentencing statutes." 379 F. Supp. 3d 223, 233 (S.D.N.Y. 2019). Section 404(b) uses the word

"impose" twice, and the first instance clearly refers to the act of imposing the original sentence. *Id.* Because Congress used the same word, we can infer that it conceived of the district court's role as being the same when it imposes an initial sentence and when it imposes a sentence under the First Step Act. As the text of § 3553(a) makes clear, district courts look to the factors set forth there whenever they impose a sentence on a defendant.[6]

Second, as the district court also explained in *Rose*, applying the § 3553(a) factors has considerable pragmatic advantages—doing so (1) "makes sentencing proceedings under the First Step Act more predictable to the parties", (2) "more straightforward for district courts," and (3) "more consistently reviewable on appeal." *Id.* at 234–35. Sentencing always turns on the balancing of a variety of factors; therefore, a change in any one factor may alter the relative weight the court assigns the others and, ultimately, may dictate a different result. As the Seventh Circuit has explained, "[f]amiliarity fosters manageability, and courts are well versed in using § 3553 as an analytical tool for making discretionary decisions." *Shaw*, 957 F.3d at 741. Moreover, a permissive

---

[6] Furthermore, the Supreme Court has explained, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." *Rita v. United States*, 551 U.S. 338, 348 (2007). The Guidelines alone, however, "insofar as practicable, reflect a rough approximation of sentences that might achieve" those objectives. *Id.* at 350. For that reason, district courts must consider the other § 3553(a) factors to ensure that those objectives are properly achieved.

regime means that sentencing courts may ignore the § 3553(a) factors entirely for some defendants and not others, inviting unnecessary sentencing disparities among similarly situated defendants. Such a regime is antithetical to Congress' intent and the Guidelines' purpose.

Third, nothing in § 404 indicates that § 3553(a) does not apply in this context. The failure to state explicitly that district courts must consider the § 3553(a) factors does not mean that Congress has forbidden district courts to do so. And our sister circuits agree at least that the § 3553(a) factors are appropriate, if not necessary, to consider. *See Jones*, 962 F.3d at 1304; *Shaw*, 957 F.3d at 742; *cf. United States v. Kelley*, 962 F.3d 470, 477 (9th Cir. 2020) (implicitly holding that a district court may consider the § 3553(a) factors as long as it does not engage in a plenary resentencing). In fact, the Government has conceded here, Oral Argument at 25:35, *United States v. Easter* (No. 19-2587), https://www2.ca3.uscourts.gov/oralargument/audio/19-2587USAvEaster.mp3, and in cases before other circuit courts that "the § 3553(a) sentencing factors apply in the § 404(b) resentencing context." *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020); *see also United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 285 (2019) ("The government, relying on the fact that the First Step Act gives the court discretion whether to reduce a sentence, argues that the ordinary Section 3553(a) considerations apply to determine whether to reduce the defendant's sentence.").

Fourth, in so holding, we join the Sixth Circuit, which has held "the necessary [§ 404] review—at a minimum—includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors," *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020), and the Fourth

15

Circuit, which has noted that "[d]istrict courts . . . and our peer circuits are [] treating the factors as if they must apply," and that it "agree[s], and [] hold[s] that they do," *Chambers*, 956 F.3d at 674.[7]

Accordingly, we hold that when deciding whether to exercise its discretion under § 404(b) of the First Step Act to reduce a defendant's sentence, including the term of supervised release, the district court must consider all of the § 3553(a) factors to the extent they are applicable.[8]  As the Fifth Circuit

___

[7] In this circuit, district courts have set out a rationale similar to the one we announce today.  *See, e.g.*, *United States v. Willis*, 417 F. Supp. 3d 569, 575 (E.D. Pa. 2019) (explaining that once the district court has determined whether a defendant is eligible for relief, then the district court "considers the sentencing factors of 18 U.S.C. § 3553" when determining whether to reduce the sentence); *United States v. Crews*, 385 F. Supp. 3d. 439, 445–46 (W.D. Pa. 2019) ("Based upon the foregoing, the court will determine whether to exercise its discretion to reduce Crews['] sentence, and, if so, conduct a resentencing limited to consideration of the § 3553(a) factors and as if sections 2 and 3 of the Fair Sentencing Act were effective on the day Crews committed his offense of conviction.").

[8] This includes the term of supervised release.  *Sutton*, 962 F.3d at 982–83 ("[T]he First Step Act permits the district court to reduce [the movant's] term of supervised release, because § 404(b) refers to imposing a reduced sentence and not just a term of imprisonment."); *United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020) ("[S]entences [is] a term that encompasses equally terms of imprisonment and terms of supervised release, both of which constitute statutory penalties

16

has helpfully explained, "[t]he district court's action is better understood as imposing, not modifying, a sentence, because the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception" (i.e., the changes to sections 2 and 3 of the Fair Sentencing Act). *Hegwood*, 934 F.3d at 418–19.

We also hold, however, that Easter is not entitled to a plenary resentencing hearing at which he would be present. This holding joins us with the clear consensus among our sister circuits. *See, e.g.*, *Mannie*, --F.3d at --, 2020 WL 4810084, at *8 (holding that, unlike in a plenary resentencing, movants for First Step Act relief are not entitled to a hearing); *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020) ("[T]he First Step Act does not authorize the district court to conduct a plenary or de novo resentencing."); *Kelley*, 962 F.3d at 479 ("[T]he First Step Act does not authorize plenary resentencing[.]"); *United States v. Foreman*, 958 F.3d 506, 508 (6th Cir. 2020) ("[N]othing in the First Step Act entitles a defendant to a plenary resentencing."); *Williams*, 943 F.3d at 843–44 (finding that a motion under § 404 of the First Step Act does not entitle the defendant to a resentencing hearing); *Hegwood*, 934 F.3d at 418 (reasoning that like a motion for a sentence modification brought under 18 U.S.C. § 3582(c)(2), a motion under § 404 of the First Step Act also does not authorize

which were modified by sections 2 and 3 of the Fair Sentencing Act."); *United States v. Clark*, 726 F.3d 496, 501 (3d Cir. 2013) ("[S]entencing courts are to consider those § 3553(a) factors listed in 18 U.S.C. § 3583(c), the provision governing imposition of the initial term of supervised release.").

a plenary resentencing proceeding). Instead, a district court need simply acknowledge it has considered the § 3553(a) factors "to the extent that they are applicable." 18 U.S.C. § 3582(a). Accordingly, our review is for whether "the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)" and to ensure that where, as here, § 3553(a) arguments were raised, the district court addressed them beyond providing "more than a rote recitation of the § 3553(a) factors." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citation omitted). These circumstances include post-sentencing developments, such as health issues or rehabilitation arguments, as were raised here. *See United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020) ("[A] defendant's conduct after sentencing is 'plainly relevant' to a defendant's rehabilitation, characteristics, and the sufficiency of a sentence imposed." (citing Shaw, 957 F.3d at 741)); *Chambers*, 956 F.3d at 675 ("Having concluded that the § 3553(a) factors apply in the § 404(b) context, postsentencing evidence 'may be highly relevant to several of [those] factors." (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)); *Williams*, 943 F.3d at 844 ("A district court may consider evidence of a defendant's postsentencing rehabilitation at resentencing." (internal quotation marks and citation omitted)).

Ultimately, while a district court "may" impose a reduced sentence, it is not required to do so. *See Jackson*, 964 F.3d at 204. In making that decision, however, the court "must" consider the factors Congress has prescribed to provide assurance that it is making an individualized determination. Here, the District Court limited its consideration to the Guidelines (§ 3553(a)(4)) when it resentenced Easter. That

18

constitutes error.  Upon remand all of the § 3553(a) factors must be considered.

* * * * *

For the foregoing reasons, we will vacate Easter's sentence and remand to the District Court for resentencing consistent with this decision.[9]

---

[9] In situations where district courts fail to consider the § 3553(a) factors, the appropriate remedy is to remand the case back to the district court for further consideration. *See United States v. Grier*, 475 F.3d 556, 572 (3d Cir. 2007) ("While the original sentence was most likely the product of comprehensive and thoughtful deliberation, the record does not reflect that fact.  We will remand this case to allow the District Court to reconsider the factors of 18 U.S.C. § 3553(a) on the record and then to resentence the defendant.").