**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3971

_____

UNITED STATES OF AMERICA

v.

PAUL SURINE,

*Appellant*

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 4-07-cr-00304-001)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 24, 2020

_____

Before:  McKEE, JORDAN, and RENDELL, *Circuit Judges*

(Opinion filed:  March 24, 2021)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge.*

Paul Surine appeals the District Court's denial of his motion for a sentencing hearing and sentence reduction pursuant to Section 404 of the First Step Act.[1] We will affirm the District Court's denial substantially for the reasons set forth by the District Court in its thorough and carefully considered Memorandum Opinion, dated December 9, 2019, with only modest elaboration.[2]

We review a motion for a reduced sentence for abuse of discretion.[3] In *United States v. Easter*, we held that when considering a motion for sentence reduction pursuant to the First Step Act, the District Court "must consider all of the §3553(a) factors to the extent they are applicable."[4] We explained that the District Court "need simply acknowledge it has considered the § 3553(a) factors."[5] Here, it is evident from the Court's Memorandum Opinion that it did much more than acknowledge its consideration of those factors. The Court carefully discussed the application of those factors to Surine and explained why Surine's background did not suggest that an additional reduction of sentence was warranted under the First Step Act.[6] The Court explained,

> [D]espite Surine's apparent remorse for his crimes, given his lengthy and serious criminal history, as well as his history of maintaining, using, and discharging firearms in the presence of others when upset, the Court finds Surine as being at a high risk of recidivism, and finds that there is a

---

[1] Pub. L. No. 115-391, §404(b), 132 Stat. 5194, 5222 (2018).
[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(1)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291.
[3] *See United States v. Easter*, 975 F.3d 318, 322 (3d Cir. 2020).
[4] *Id.* at 326.
[5] *Id.*
[6] Surine's sentence was reduced in 2015 to 291 months pursuant to Amendment 782 to the Sentencing Guidelines.

significant need for the sentence to afford adequate deterrence and to protect the public from further crimes of Surine.[7]

Although we are not unsympathetic to Surine's argument that his advanced age counsels in favor of a reduced sentence, the District Court specifically considered Surine's age and explained why that factor—when viewed in context with Surine's history and conduct—did not persuade the Court that an additional reduction in sentence was required or appropriate. Nothing in this record suggests that was an abuse of the Court's very broad discretion. "[W]hile a district court may impose a reduced sentence, it is not required to do so."[8]

We appreciate that this case is somewhat unique because it was assigned to Judge Brann after Judge McClure passed away. Judge Brann refused to grant a hearing on Surine's motion and never saw him or personally heard from him. Surine argues that was an abuse of discretion. Although we recognize that the circumstances here are unusual, we held in *Easter* that the defendant is not entitled to a plenary resentencing hearing for a motion for a reduced sentence pursuant to the First Step Act.[9] Moreover, we have found no precedent that would require Judge Brann to hold a hearing under the circumstances here, and Surine points us to none. Rather, Judge Brann retained the discretion to determine whether a hearing was necessary or may have been helpful to him in ruling on Surine's motion. It is clear that Judge Brann meaningfully and carefully considered the circumstances of Surine's offense conduct as well as his background and character and

---

[7] App. 12-13.
[8] *See, e.g., Easter*, 975 F.3d at 327 (internal quotation marks and citation omitted).
[9] *Id.* at 326.

concluded that he (Judge Brann) had enough information to decide whether a sentencing reduction under the First Step Act was appropriate. We are convinced that he did not abuse his discretion in doing so.

Accordingly, we will affirm the District Court's decision.