**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-3040 & 20-3041
_____

UNITED STATES OF AMERICA

v.

JAMAL HAYNES,
                    Appellant
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Criminal Nos. 3-17-cr-00019-004 & 3-17-cr-00042-001)
District Judge: Honorable Robert A. Molloy
_____

Argued: May 4, 2021

Before: KRAUSE, PORTER, and FISHER,
*Circuit Judges*.

(Filed: May 21, 2021)
_____

Pamela L. Colon **[ARGUED]**
Law Office of Pamela Lynn Colon, LLC
2155 King Cross Street, Suite 3
Christiansted, VI 00820

        *Counsel for Appellant Jamal Haynes*

Gretchen C.F. Shappert
Delia L. Smith **[ARGUED]**
Office of United States Attorney
District of the Virgin Islands

5500 Veterans Drive, Suite 260
St. Thomas, VI 00802

*Counsel for Appellee United States of America*
_____

OPINION[*]
_____

PORTER, *Circuit Judge*.

In 2017, Jamal Haynes pleaded guilty to conspiracy to possess with intent to distribute cocaine in two separate cases. He is serving concurrent sentences of 135 months' and 78 months' imprisonment. Last year, Haynes moved for sentence modification in both cases under 18 U.S.C. § 3582(c)(1)(A). The District Court held that Haynes had demonstrated extraordinary and compelling reasons warranting modification but denied relief after weighing the factors listed in 18 U.S.C. § 3553(a). We will affirm.

I[1]

Section 3582(c)(1)(A) authorizes sentence modifications in two circumstances. First, when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Second, "when certain defendants reach 70 years of age, have served at least 30 years of their term, and have been determined not to pose a threat to society." *United States v. Easter*, 975 F.3d 318, 323 (3d Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). In either circumstance, the defendant must "fully exhaust[] all

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1] The District Court had jurisdiction to consider Haynes's motion for sentence modification under 18 U.S.C. § 3582(c). We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order denying relief.

administrative rights" before the Bureau of Prisons prior to requesting modification from the District Court. 18 U.S.C. § 3582(c)(1)(A).

If the District Court finds that the defendant is eligible for a sentence modification, it must then consider the factors listed in § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) factors include, among other things, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) "the need for the sentence imposed" to reflect the various justifications underlying the criminal justice system, (3) "the kinds of sentences available," and (4) "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(1)–(3), (6).

The District Court held that Haynes had exhausted his administrative remedies and had presented "extraordinary and compelling reasons warrant[ing] such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The government does not contest those holdings. Our review is thus limited to the District Court's application of the § 3553(a) factors, which we review for abuse of discretion. *See Easter*, 975 F.3d at 322. We write primarily for the parties and presume their familiarity with the facts.

## II

Haynes first argues that the District Court erred by mixing up the order of analysis. According to Haynes, § 3582(c)(1)(A) requires the court to consider the § 3553(a) factors first, and then consider whether extraordinary and compelling reasons warrant modification. He suggests that the District Court's finding of extraordinary and compelling reasons means that it necessarily found that the factors weigh in favor of relief. In other words, Haynes argues that the District Court's favorable ruling on what he

3

says is step two means that step one must also weigh in his favor. Haynes misreads the statute. Section 3582(c)(1)(A) permits the court to grant relief "after considering the factors set forth in section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." The conditional statement is clear: The court first determines whether a defendant is eligible for relief by considering whether "extraordinary and compelling reasons warrant" relief. 18 U.S.C. § 3582(c)(1)(A)(i). If the court finds such reasons, it then considers the § 3553(a) factors to determine whether to grant the relief. *Id.* The text and our precedent foreclose Haynes's attempt to flip the order of analysis. *See Easter*, 975 F.3d at 323–24; *United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020). Haynes repeatedly emphasizes that the District Court found extraordinary and compelling reasons warranting sentence reduction, but that issue is not before this Court. After the court made that finding, it moved on to evaluate the § 3553(a) factors, as the statute requires.

Haynes also points to two cases in which district courts granted sentence modifications in light of COVID-19 and argues that those cases mandate the same result here. In *United States v. Hendry*, the defendant was released after serving 28.2% of his sentence for conspiracy to harbor aliens. No. 2:19-cr-14035, 2020 WL 4015487 (S.D. Fla. July 16, 2020). In *United States v. Smith*, the defendant was released after serving 10% of his sentence for wire fraud. No. CR19-107RSL, 2020 WL 4345327 (W.D. Wash. July 29, 2020). When the District Court considered Haynes's motion, Haynes had served about 30% of his sentence. The court weighed Haynes's remaining sentence against the purposes of criminal sentencing outlined in § 3553(a)(2), finding that "the need to

4

promote respect for the law and afford adequate deterrence to criminal conduct weigh heavily against a reduction in sentence." J.A. 11–12. The court considered deterrence of drug trafficking in particular, which was not an issue in *Hendry* or *Smith*. Moreover, any similarity to *Hendry* and *Smith* is overshadowed by the similarities between Haynes and his codefendants. The District Court found that reducing Haynes's sentence by 70% would cause disparities between Haynes and his codefendants convicted of similar crimes. That was not an abuse of discretion.

Haynes also argues that the District Court erred in concluding that he may pose a danger to the community if released early. Haynes cites *Pepper v. United States*, 562 U.S. 476 (2011), for its holding that "a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." *Id.* at 481. Even assuming that *Pepper* applies to a motion to reduce a sentence, the District Court *did* consider Haynes's evidence of rehabilitation as part of the § 3553(a) analysis. The court weighed the rehabilitation evidence against the severity of Haynes's crimes and held that the factor weighed neutrally. The court did not abuse its discretion in concluding that the evidence of rehabilitation did not outweigh the severity of Haynes's involvement in two separate large-scale drug-trafficking conspiracies. We have considered Haynes's remaining arguments and find in them no basis for reversal. The District Court did not abuse its discretion in denying Haynes's motion for sentence modification.

5

\* \* \*

We will affirm the judgment of the District Court.