**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2874
_____

UNITED STATES OF AMERICA

v.

ANGEL FERRER,
a/k/a STRANGE,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-05-cr-00143-002)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 7, 2021

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*

(Opinion filed: July 9, 2021)

_____

**OPINION**[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Angel Ferrer appeals from the District Court's order denying his motion for a sentence reduction under § 404(b) of the First Step Act. For the reasons that follow, we will affirm.

## I.   **Discussion**[1]

The Fair Sentencing Act raised the drug-quantity thresholds needed to trigger certain mandatory-minimum sentences. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). With the First Step Act, Congress gave district courts discretion to implement those changes retroactively. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). But while a court's discretion to grant sentence reductions is broad, it is not unbounded. At least two limits apply. First, a district court must "make an accurate calculation of the amended guidelines range." *United States v. Murphy*, 998 F.3d 549, 560 (3d Cir. 2021) (internal quotation marks omitted). Second, a court must "consider the [18 U.S.C.] § 3553(a) factors." *United States v. Easter*, 975 F.3d 318, 323 (3d Cir. 2020).

Ferrer argues that the District Court erred on both fronts. He first faults the Court for failing to recite the amended statutory and guidelines ranges. But even if this omission constitutes error, the error is harmless. Because the revised statutory range is what made Ferrer eligible for a sentence reduction, we have little doubt that the District Court accounted for that range. And because Ferrer's new guidelines range duplicates his old

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a district court's denial of a First Step Action motion for abuse of discretion. *See United States v. Easter*, 975 F.3d 318, 322 (3d Cir. 2020).

2

one, there is no "reasonable probability" that spelling out the range would have altered the Court's analysis. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016); *see also United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008).

Turning to the § 3553(a) factors, Ferrer questions the District Court's determination that decreasing his sentence would create an unwarranted disparity between him and other defendants sentenced after the Fair Sentencing Act. *See* 18 U.S.C. § 3553(a)(6). Before the Act's passage, Ferrer's drug quantity—over three kilograms of crack-cocaine—exceeded the statutory threshold of fifty grams and therefore triggered a mandatory-minimum sentence of ten years. *See* 21 U.S.C. § 841(b)(1)(A) (2006 & Supp. IV 2011). The Fair Sentencing Act increased that threshold to 280 grams. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2018). So were Ferrer convicted today, his three kilos of crack-cocaine would implicate the same mandatory minimum. Reducing his punishment would thus make him better off than a similarly-situated defendant sentenced after the Act. We have previously urged courts to avoid such disparities, so we perceive no error in the District Court avoiding them here. *See United States v. Jackson*, 964 F.3d 197, 204 (3d Cir. 2020).

Disparities aside, Ferrer criticizes the Court for placing too much weight on his prison disciplinary infractions and too little weight on the First Step Act's remedial purposes. Neither position has force. Contrary to Ferrer's suggestion, the Court did not treat his infractions as decisive, but rather as one of many factors counseling against relief. As for the Act's remedial purposes, courts honor those purposes by carefully considering the § 3553(a) factors. *See Easter*, 975 F.3d at 325; *United States v. White*, 984 F.3d 76, 89–91 (D.C. Cir. 2020). The District Court did that here.

**II.    <u>Conclusion</u>**

For the foregoing reasons, we will affirm the District Court's denial of Ferrer's motion for a sentence reduction.