**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3003
_____

UNITED STATES OF AMERICA

v.

MONROE E. BULLOCK,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal Action No. 2-95-cr-00296-002)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2021
Before:  MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 13, 2021)
_____

OPINION*
_____

PER CURIAM

Appellant Monroe Bullock seeks review of an order of the United States District

Court for the Eastern District of Pennsylvania reducing his sentence to time served,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

imposing a five-year term of supervised release, and ordering Bullock's immediate

release.  For the reasons below, we will affirm the District Court's order in part and

remand in part for proceedings consistent with this opinion.

Bullock was convicted in 1996 of conspiracy to distribute crack cocaine in

violation of 21 U.S.C. § 846.  The District Court sentenced Bullock under the Sentencing

Guidelines and 21 U.S.C. § 841(b)(1)(A) to life imprisonment plus five years of

supervised release.  This Court affirmed without opinion.  See United States v. Bullock,

129 F.3d 1256 (3d Cir. 1997) (unpublished table case).  Bullock pursued post-conviction

relief.  In 2008, the District Court granted a motion he filed pursuant to 18 U.S.C.

§ 3582(c)(2) and reduced his sentence to 360 months' imprisonment based on an

amendment to the Sentencing Guidelines.

In March 2019, Bullock filed a motion to be resentenced and released from prison

under § 404 of the First Step Act.  Bullock had originally been sentenced under

§ 841(b)(1)(A), but the District Court found that Bullock's conduct aligned with

§ 841(b)(1)(C) because the jury had not found that he possessed a certain quantity of

cocaine.  Concluding that the penalties under § 841(b)(1)(C) were not affected by the

First Step Act modification, the District Court ruled that Bullock's conviction was not a

"covered offense," and he was not entitled to a sentence reduction.  See, e.g., Terry v.

United States, 141 S. Ct. 1858, 1863-64 (2021) (holding that the First Step Act did not

modify penalties for violations of § 841(b)(1)(C)).  Bullock took an appeal and counsel

was appointed.  While the appeal was pending, we held that the statute of conviction,

rather than the quantity of crack cocaine involved, governed eligibility for a reduction of

2

sentence under the First Step Act. See United States v. Jackson, 964 F.3d 197, 207 (3d Cir. 2020). For Bullock, this meant that his actual statute of conviction, § 841(b)(1)(A), qualified as a "covered offense" under the First Step Act. The parties agreed to a remand.

Bullock filed a pro se amended motion to be resentenced and released. See Dkt. No. 931. He argued that, under the 2018 Sentencing Guidelines, his sentence should be recalculated to a sentencing range of 324 to 405 months' imprisonment, down from the 360 months to life range he had at the time. Id. at 7. He also claimed that he was eligible for plenary resentencing, such that if the court applied current Guidelines and 18 U.S.C. § 3553(a) factors, and considered his 25-year imprisonment against the 20-year statutory maximum under § 841(b)(1)(C), he should be immediately released. Id. at 7-8. The Government agreed that Bullock was eligible for discretionary relief. In September 2020, the District Court granted Bullock's motion in part, explaining that "under standards applicable now, [the court] would sentence Bullock pursuant to § 841(b)(1)(C), which applies to unspecified quantities of crack cocaine." Order at 5. The District Court noted that the maximum penalty under subsection (C) was 20 years, and that Bullock had served 25 years. The District Court exercised its discretion to reduce the sentence to time served and ordered Bullock released (after an appropriate COVID quarantine) to start a five-year term of supervised release. Bullock filed this timely appeal.

On appeal, Bullock argues, first, that the District Court should have convened a re-sentencing hearing and conducted a plenary resentencing instead of reducing his sentence to time served and imposing a five-year supervised release period. This argument is clearly meritless. Action by a district court under the First Step Act is discretionary and

3

does not entitle movants like Bullock to plenary resentencing or a resentencing hearing. See United States v. Easter, 975 F.3d 318, 326 (3d Cir. 2020); see also First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) (providing, in § 404(c), that "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

Relatedly, Bullock argues in his appeal that a full resentencing could have reduced his sentence further than just time-served, but in his amended motion, Bullock did not ask District Court to sentence him below the statutory maximum. In that motion, Bullock proposed recalculating the Sentencing Guidelines to a range between 324 and 405 months and releasing him because he had served five years more than the 20-year maximum sentence contained in subsection (C). Bullock received the relief he sought in his motion—immediate release—and, on this point, his appeal is moot. Cf. Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (noting that a claim mooted when claimant received relief sought, because court could not provide effective relief).

The same cannot be said regarding Bullock's term of supervised release. That relief was not resolved by his immediate release from prison. Bullock argues that the District Court did not consider the § 3553(a) "Factors to be considered in imposing a sentence," as required when imposing a term of supervised release. See Easter, 975 F.3d at 326 & n.8 (specifying that courts must consider "all of the § 3553(a) factors to the extent they are applicable" when deciding whether to reduce a sentence or impose a term of supervised release). From the opinion, it is unclear whether the District Court considered those factors when it imposed the five-year term of supervised release,

4

particularly because the court reasoned earlier in the opinion that it would have sentenced Bullock under subsection (C) today, and that subsection carries a three-year mandatory supervised release term.  Ordinarily, where a district court fails to consider the § 3553(a) factors, the appropriate remedy is a remand.  See Easter 975 F.3d at 327 n.9.

Accordingly, we will vacate the District Court's judgment in part and remand the matter for the District Court to reconsider Bullock's term of supervised release in light of § 3553(a) and § 841(b)(1)(C).  We will otherwise affirm.