**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3573
_____

UNITED STATES OF AMERICA

v.

MALIK NELSON,
                    Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-06-cr-00520-006)
District Court Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 21, 2021
_____

Before: SMITH, *Chief Judge*, MCKEE and RESTREPO, *Circuit Judges*

(Opinion filed: November 5, 2021)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Malik Nelson appeals the District Court's order denying his motion to reduce his sentence pursuant to § 404 of the First Step Act. We will affirm the District Court's judgment.[1]

## I.

The District Court found Nelson was eligible to move for a reduced sentence. "Where the District Court finds that a movant is eligible for a sentence modification . . . but declines to reduce the sentence, we review the denial for abuse of discretion."[2]

Nelson argues that retention of his 360-month sentence is an abuse of discretion because the court relied too heavily on his offense conduct and criminal history and failed to sufficiently consider his rehabilitation and the remedial purposes of the Fair Sentencing Act. We disagree.

The record establishes that the court meaningfully considered the § 3553(a) factors. The court discussed Nelson's extensive criminal record, including assaults on a police officer and a teacher, and two drug convictions. The court also considered that Nelson has been subject to numerous prison disciplinary actions while serving the sentence he currently seeks to reduce, including one infraction while this motion for reduction was pending before the District Court.

---

[1] We have jurisdiction to review an otherwise final sentence under 18 U.S.C. § 3742.
[2] *United States v. Easter*, 975 F.3d 318, 322 (3d Cir. 2020).

Nevertheless, apart from his "awful prior record," the court acknowledged that Nelson has "tremendous family support . . . . [and has] taken a number of classes. He's benefitted from what they offer at the prison which are [sic] positive."[3]

On balance, the District Court found that Nelson remains a danger to the community, precluding a reduction of his sentence from 360 months to the statutory mandatory minimum of twenty years. The severity of Nelson's crimes, involving "enormous quantities of cocaine," support a need for general deterrence, and his criminal history and continued disregard for authority demonstrate a need for specific deterrence.[4]

Accordingly, the District Court did not abuse its discretion in concluding that, notwithstanding some efforts that are consistent with rehabilitation, the need to protect the public would not be adequately served by reducing Nelson's sentence to the mandatory minimum.

We also do not agree that the District Court erred by giving "no apparent consideration to the remedial purpose behind the First Step Act in denying [his] sentence reduction motion."[5] The District Court honored the purposes of the Act by meaningfully considering the § 3553(a) factors.[6]

## II

---

[3] App. at 102.
[4] *Id.* at 101.
[5] Appellant Br. at 15.
[6] *See Easter*, 975 F.3d at 323–26 (explaining how the consideration of the § 3553(a) factors furthers Congress's intent that "the district court's role [is] the same when it imposes an initial sentence [as] when it imposes a sentence under the First Step Act").

For the foregoing reasons, we will affirm the judgment of the District Court denying Nelson's motion for a reduced sentence.