**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2814
_____

UNITED STATES OF AMERICA

v.

ARGENIS PACHECO MOSCOSO,
a/k/a Hennessey,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-05-cr-0143-01)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted under Third Circuit L.A.R. 34.1(a)
January 21, 2022

_____

Before: JORDAN, RESTREPO, and SMITH, *Circuit Judges*.

(Filed: February 17, 2022)

_____

OPINION*
_____

RESTREPO, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Argenis P. Moscoso appeals the District Court's denial of his motion for a reduction of sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. We will affirm for the reasons that follow.

The District Court had subject matter jurisdiction over Moscoso's original offense under 18 U.S.C. § 3231, and the jurisdiction to reduce his sentence under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act. We have appellate jurisdiction under 28 U.S.C. § 1291. Where a District Court finds a defendant eligible for a sentence reduction under § 3582(c) but then denies relief, we review that denial for an abuse of discretion. *United States v. Easter*, 975 F.3d 318, 322 (3d Cir. 2020).[1]

I.

For over a year Moscoso was a leader of the Chestnut Street Gang, a drug distribution organization that sold crack cocaine in Reading, Pennsylvania. In December 2005, a jury found Moscoso guilty of, *inter alia*, conspiracy to distribute 50 grams or more of crack cocaine and distribution and possession with the intent to deliver the same.

The Probation Office determined that Moscoso conspired to distribute 3.3 kilograms of crack cocaine. PSR ¶ 51. Moscoso's total offense level after enhancements was 46, which meant his guideline range was life imprisonment regardless of his criminal history category. At the time of sentencing, the mandatory minimum sentence on his conspiracy charge was 10 years under 21 U.S.C. § 841(b)(1)(A). The District Court deviated from a

[1] In *Easter*, this Court held that motions under Section 404 of the First Step Act "seek to modify a defendant's existing sentence," and therefore "fall under the purview of 18 U.S.C. § 3582(c)." 975 F.3d at 323.

life sentence and imposed a term of 480 months' imprisonment, a sentence this Court affirmed on appeal. *United States v. Delgado*, 289 F. App'x 497, 499 (3d Cir. 2008).

In 2012, Moscoso moved to have his sentence reduced pursuant to 18 U.S.C. § 3582(c) and Amendment 750 to the Sentencing Guidelines, which lowered the base levels applicable to crack cocaine offenses. The parties agreed that Moscoso's guideline range was reduced because of the Amendment. Accordingly, the District Court granted Moscoso's motion and reduced his prison sentence to 420 months' imprisonment.

In 2019, Moscoso filed a second motion to reduce his sentence pursuant to § 404(b) of the First Step Act. The District Court acknowledged that Moscoso was eligible under the Act but determined that he was not entitled to a sentence reduction. Moscoso appealed.

II.

Under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, Congress increased the amount of crack cocaine necessary to trigger the statutory sentencing range. In 2006, Moscoso was sentenced for conspiracy to distribute 50 grams or more of crack cocaine under 21 U.S.C. § 841(b)(1)(A)(iii). The Fair Sentencing Act cut the statutory exposure for that drug weight in half; the mandatory minimum is now 5 years' imprisonment, with a maximum term of 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(iii). With the passage of the First Step Act in 2018, defendants like Moscoso who were sentenced under a statute amended by the Fair Sentencing Act became eligible to seek a sentence reduction.

Eligibility under the First Step Act does not prescribe that a sentence reduction ought to occur. After determining a defendant's eligibility under the Act, the District Court

may decline to exercise its discretion to reduce his sentence. In *Easter*, we held the District Court "must consider all of the § 3553(a) factors to the extent they are applicable" when exercising its discretion. 975 F.3d at 326. This requirement may be met by the District Court "simply acknowledg[ing] it has considered the § 3553(a) factors." *Id.*

Here, the District Court went beyond mere acknowledgement and explicitly discussed the application of those factors to Moscoso's circumstances. Specifically, the Court cited that the Chestnut Street Gang was a "sophisticated illegal drug distribution scheme" that involved guns and a large amount of crack cocaine, and that Moscoso assumed a leadership role. Appx. 3-4. It further noted Moscoso was classified under criminal history category IV due to his prior record, which indicated his history of recidivism, and that his post-conviction conduct consisted of nineteen infractions, some of which involved violence.[2] Finally, the District Court noted that, because Moscoso's original sentence had already been reduced five years, further reducing his sentence now would create an "unwarranted disparity" between him and similar offenders sentenced after the Fair Sentencing Act of 2010. Appx. 4.

## III.

The District Court's decision to deny Moscoso relief is not an indication that it failed to consider the § 3553(a) factors. We find no error in the Court's discretionary

---

[2] The District Court recognized Moscoso has not had any violent infractions since 2015 but found his "overall disciplinary record" indicates his "penchant for violence" and a "need to protect the public from further crimes." Appx. 4. The Court concluded that such a need would not be served by Moscoso's early release. *Id.*

determination that sentence reduction was not warranted.  We will therefore affirm the September 1, 2020, order.