NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2800
_____

UNITED STATES OF AMERICA

v.

CHRIS OSCAR DEJESUS,

                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-93-cr-00536-004)
District Judge:  Honorable Robert B. Kugler
_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2023

Before: AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed January 20, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Chris DeJesus appeals from an order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We grant the Government's motion for summary affirmance and will affirm.

## I.

In 1994, DeJesus was convicted of murder for hire and sentenced to life imprisonment. See United States v. Balter, 91 F.3d 427, 432 (3d Cir. 1996). At issue here is his motion for compassionate release. De Jesus filed that motion pro se along with a request for appointment of counsel. The District Court then appointed counsel, who filed a supplemental motion (which DeJesus later supplemented again pro se). DeJesus argued that compassionate release was warranted (1) because his health conditions (including hypertension and obesity) made him susceptible to complications from COVID-19, and (2) by several other factors, including his youth at the time of his crime, his remorse, and his traumatic experience as a prisoner during the pandemic. The District Court denied DeJesus's motion, and he appeals. The Government has filed a motion for summary affirmance, and DeJesus has filed two documents setting forth his position on the merits.[1]

---

[1] The Clerk initially issued a briefing schedule but then stayed it after the Government filed its motion for summary affirmance. DeJesus did not specifically respond to that motion, but he later filed a brief on the merits, to which the Government filed a reply. DeJesus then filed a motion asking that the Court not accept the Government's reply, which he claimed was in violation of the initial briefing schedule. The Government's filing did not violate the schedule because the schedule had been stayed, so DeJesus's motion is denied. DeJesus's motion suggested that he had not received a copy of the Government's motion for summary affirmance, so the Clerk sent him a copy. DeJesus

II.

We grant the Government's motion and will affirm. "[A] prisoner's motion [for compassionate release] may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." United States v. Andrews, 12 F.4th 255, 258 (3d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

In this case, the District Court denied DeJesus's motion for two reasons. First, the Court concluded that he had not shown extraordinary and compelling reasons for release. The Court reasoned that DeJesus had not shown any non-speculative risk of developing serious symptoms from COVID-19 because, inter alia, he is vaccinated and there were no active cases among inmates at his facility. The Court also concluded that DeJesus's other proffered reasons for release were not extraordinary and compelling. Second, the Court concluded that the § 3553(a) sentencing factors also did not warrant release. The Court reasoned that, given the "heinous nature" of DeJesus's crime, his life sentence remains necessary for punishment and deterrence.

---

has not filed anything further with this Court, but both his brief and his motion in response to the Government's reply raise substantive arguments on the merits that we have considered in reaching our disposition.

We review these rulings only for abuse of discretion, though we review any legal issues de novo. See Andrews, 12 F.4th at 259. "Under the abuse-of-discretion standard, we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks and alteration omitted). Thus, our review is "deferential" and "should not be overly searching." Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022). We may summarily affirm if an appeal presents "no substantial question." 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6.

DeJesus raises essentially four issues, but none presents a substantial question. First, he argues that the District Court "failed to exercise its power" to determine whether he showed extraordinary and compelling reasons for release. He argues that the Court, in evaluating this issue, erroneously thought itself bound by the Sentencing Commission's commentary at U.S.S.G. § 1B1.13 cmt. n.1. But the Court expressly recognized our holding in Andrews, 12 F.4th at 259, that the commentary is not binding on prisoner-initiated motions like DeJesus's. DeJesus also argues that the Court did not acknowledge its discretion to consider non-medical factors, but the Court expressly acknowledged DeJesus's counseled non-medical arguments and concluded that they were not extraordinary and compelling. (ECF No. 115 at 5, 8.) The Court did not explain that conclusion in detail. Nor did it discuss all the issues that DeJesus raised only in his initial

4

pro se motion.[2] But a district court "may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation" so long as it provides a "brief statement of reasons." Concepcion, 142 S. Ct. at 2404. In this case, the Court's discussion adequately conveyed that it considered and rejected DeJesus's arguments, and we cannot say that the Court was "required to be persuaded" by those arguments or to address them in more detail. Id.

Second, DeJesus argues that his medical conditions and the pandemic together qualify as extraordinary and compelling reasons. But the District Court thoroughly explained why it concluded otherwise. DeJesus does not acknowledge the Court's reasoning or raise anything calling it into question, and we see nothing suggesting that the Court's evaluation of this issue constituted a clear error of judgment.

Third, DeJesus argues that the District Court erred in evaluating the § 3553(a) sentencing factors. We need not address DeJesus's § 3553(a) arguments because the Court did not err in concluding as a threshold matter that he did not show extraordinary

---

[2] In that motion, DeJesus relied on several factors that he claimed demonstrated his rehabilitation in prison, including his renunciation of gang membership and his completion of educational and wellness courses. The District Court was not required to address issues raised only in DeJesus's pro se motion because litigants have no right to hybrid representation. See United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012). Nevertheless, the District Court expressly considered DeJesus's supplemental pro se motion, and it clearly was aware of the arguments raised in his initial pro se motion because it expressly and properly rejected one of those arguments (which DeJesus has not raised in his filings on appeal). (ECF No. 115 at 5 n.2.)

and compelling reasons for release.  See Andrews, 12 F.4th at 262 (describing consideration of the § 3553(a) factors as "the next step of the analysis").

In any event, DeJesus's § 3553(a) arguments do not raise a substantial question. He argues that the Court erred in failing to consider "any" of the § 3553(a) factors, but the Court expressly addressed several of them as noted above.  DeJesus also argues that the Court did not have the benefit of Concepcion, which holds (inter alia) that "district courts [may] consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."  Concepcion, 142 S. Ct. at 2404.  But that already was the law of this Circuit in relevant part when the District Court decided DeJesus's motion.  See United States v. Shields, 48 F.4th 183, 190-91 (3d Cir. 2022) (discussing the relationship between Concepcion and, inter alia, United States v. Easter, 975 F.3d 318 (3d Cir. 2020)).  Moreover, nothing in the District Court's opinion suggests that the Court believed it lacked discretion to consider any of DeJesus's arguments.

Fourth and finally, DeJesus argues that the District Court's ruling violates the Eighth Amendment because his present confinement is cruel and unusual.  But DeJesus did not expressly assert an Eighth Amendment claim in the District Court and instead made only a "fleeting reference" to cruel and unusual punishment in his counseled motion.  In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 262 (3d Cir. 2009).  In any event, and assuming without deciding that Eighth Amendment claims can be asserted under § 3582(c)(1)(A), DeJesus has made no showing of the "deliberate indifference"

6

necessary to support such a claim.  Cf. Hope v. Warden York Cty. Prison, 972 F.3d 310, 330-31 (3d Cir. 2020).

III.

For these reasons, the Government's motion for summary affirmance is granted, and we will affirm the judgment of the District Court.  DeJesus's motion requesting that this Court not accept the Government's summary action reply is denied as explained in note 1, supra.