**ALD-175**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1467
_____

UNITED STATES OF AMERICA

v.

BRYCE HARPER, a/k/a Breezy, a/k/a Breeze,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. Action No. 2:13-cr-00062-001)
District Judge: Honorable Cathy Bissoon

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 6, 2021

Before: MCKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 16, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Bryce Harper appeals pro se from an order of the United States District Court for the Western District of Pennsylvania denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2015, Harper pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, see 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c)(1)(A)(i). The District Court accepted the parties' stipulated sentence of 228 months of imprisonment, to be followed by five years of supervised release. See Fed. R. Crim. P. 11(c)(1)(C).

In July 2020, Harper filed a motion for compassionate release.[1] He argued that "extraordinary and compelling" circumstances exist because, if he were convicted today for the same crimes, he would likely receive a "dramatically lower sentence [than] the one that [he is] currently serving." (ECF 535, at 1.) In support of that assertion, Harper relied on his age (33), rehabilitation while in prison, and strong family ties. (ECF 535, at 2-3.) Although Harper conceded that he has "no medical condition," he also alleged that release was warranted because there had been an increase in the number of inmate cases

---

[1] Harper had first sought compassionate release from the warden of FCI-Fort Dix; the request was denied on July 6, 2020.

of COVID-19 at FCI Fort Dix. (ECF 560.) He further suggested that compassionate release was warranted based on application of § 401 of the First Step Act and Amendment 782 to the Sentencing Guidelines. (ECF 535, at 2-3.)

The District Court denied the motion in an order dated October 16, 2020. (ECF 563.) Harper appealed. (ECF 575.) We vacated the District Court's order and remanded to the District Court for consideration of Harper's claim that he had contracted COVID-19. United States v. Harper, C.A. No. 20-3213 (order entered Feb. 23, 2021). In the District Court, the Government opposed the § 3582(c)(1)(A) motion, noting that Harper apparently had recovered from COVID-19. (ECF 586). The District Court again denied relief, finding Harper "has not given any reasons—medical or otherwise—that would constitute 'extraordinary and compelling' reasons for release." Furthermore, the District Court explained that, "even if [Harper's] virus symptoms were active, the sentencing factors here weigh so heavily in favor of continued incarceration that [Harper's] Motion would still fail, absent a showing that he was not receiving adequate care through the BOP (and even then, the Court is not convinced that release would be the appropriate method of resolution)." Finally, the District Court held that § 401 of the First Step Act and Amendment 782 were inapplicable or moot. (ECF 588.) Harper again appeals. (ECF 589.)

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of an eligible defendant's motion for a sentence modification under § 3582(c). See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, we "will not

disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration, quotation marks, and citation omitted). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The compassionate release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

Upon review, we conclude that the District Court did not abuse its discretion in determining that Harper failed to demonstrate that relief under § 3582(c)(1)(A) is warranted.[2] Even if there were an extraordinary and compelling reason for

---

[2] Furthermore, the District Court properly concluded that § 401 of the First Step of 2018 is inapplicable to Harper, who was sentenced in 2015, see United States v. Aviles, 938

compassionate release, the applicable § 3553(a) factors do not support relief. Harper had an extensive prior criminal history, including prior drug convictions. In particular, his prior offenses included a conviction for fleeing or attempting to elude an officer, as well as two separate convictions for possession with intent to deliver a controlled substance. Moreover, Harper was involved in a large-scale drug conspiracy that involved the distribution of a significant amount of heroin. Furthermore, Harper's sentence of 228 months was well below the Sentencing Guidelines' range of 262 to 327 months. See United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence"). And, at the time the motion was filed, Harper had served less than half of his sentence. See Pawlowski, 967 F.3d at 331 (stating that "the time remaining in [the] sentence may—along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates— inform whether immediate release would be consistent with" the § 3553(a) factors).

For the foregoing reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

---

F.3d 503, 510 (3d Cir. 2019), and that his sentence already accounted for Amendment 782, which became effective in 2014, see United States v. Easter, 975 F.3d 318, 321 (3d Cir. 2020).