NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2267
_____

UNITED STATES OF AMERICA

v.

ISAAC BARLOW, a/k/a CHIN,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 3-06-cr-00694-001
Chief District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
March 4, 2022

Before: McKEE, AMBRO, and SMITH, Circuit Judges

(Filed: March 18, 2022)

_____

OPINION[*]

_____

SMITH, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Isaac Barlow appeals the District Court's order granting, in part, his Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(B). For the reasons that follow, we will affirm.

I

In June 2007, a jury convicted Barlow of five controlled substance offenses, including conspiracy to distribute 50 or more grams of crack cocaine. Pursuant to an Enhanced Penalty Information filed by the government before trial, the District Court sentenced Barlow to the statutory minimum of life imprisonment.

Subsequently, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, reduced the statutory penalties for Barlow's offenses, and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, made the reduced penalties retroactive. Seeking to take advantage of these changes, Barlow filed a Motion for Reduction of Sentence. *See* 18 U.S.C. § 3582(c)(1)(B). He sought a reduction to time served. At the time, Barlow had served a little more than thirteen years of his life sentence and was 45 years old. The District Court decided Barlow's motion without a resentencing hearing. Although the Court denied his request for time served, it ultimately reduced Barlow's sentence from life imprisonment to 30 years. This timely appeal followed.

Barlow contends the District Court's failure to hold a resentencing hearing violated his Fifth and Sixth Amendment rights. Additionally, he challenges the substantive reasonableness of his new sentence.

II[1]

Because the issue of whether Barlow's Fifth and Sixth Amendment rights were violated presents a legal question, we review de novo. *See United States v. Murphy*, 998 F.3d 549, 554 (3d Cir. 2021). We review the District Court's decision to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(B) for an abuse of discretion. *See United States v. Easter*, 975 F.3d 318, 324, 326 (3d Cir. 2020).

III

Barlow argues that he was entitled to an in-person resentencing hearing. However, he did not object to the District Court's initial notice that his motion would be decided "on the papers" without a hearing. A35. Nor did he seek a hearing after his presentence investigation report was updated. Regardless, a defendant moving for a sentence reduction under the First Step Act "is not entitled to a plenary resentencing hearing at which he would be present." *Easter*, 975 F.3d at 326.

Barlow's claims of Fifth and Sixth Amendment violations ring equally hollow. In *Dillon v. United States*, the Supreme Court pointed out that § 3582(c)(2) "does not authorize a sentencing or resentencing proceeding," as "it provides for the 'modif[ication of] a term of imprisonment.'" 560 U.S. 817, 825 (2010). "Given the limited scope and purpose of § 3582(c)," the Supreme Court concluded that proceedings under that section

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3582(c). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"do not implicate the Sixth Amendment." *Id.* at 828. We conclude that *Dillon* forecloses Barlow's Sixth Amendment claim.

Moreover, the Eighth Circuit has held that *Dillon*'s rationale applies with equal weight to the Fifth Amendment right to due process. *See United States v. Johnson*, 703 F.3d 464, 469 (8th Cir. 2013). We agree. As our sister circuit explained, "[n]o new deprivation of liberty can be visited upon [a defendant] by a proceeding that, at worst, leaves his term of imprisonment unchanged." *Id.* at 470. Accordingly, the District Court's failure to conduct a plenary resentencing did not violate Barlow's constitutional rights.

Our only remaining inquiry is whether the District Court abused its discretion in deciding to grant a reduction from life to 30 years, instead of time served. Barlow claims that the Court erred by giving undue weight to a recent disciplinary infraction involving possession of a dangerous weapon, which it concluded "cast[] doubt" on his claim of being rehabilitated. A22. We see no error. In making its decision, the District Court complied with our directive in *United States v. Easter* and considered "all of the § 3553(a) factors to the extent they [were] applicable." 975 F.3d at 326. After fully and meaningfully considering Barlow's circumstances, the District Court permissibly concluded that the circumstances of Barlow's case reflected a "need for a greater sentence than thirteen or so years." A21.

IV

Because the District Court neither violated Barlow's constitutional rights nor abused its discretion in reducing Barlow's sentence, we will affirm its order reducing his sentence to 360 months.