**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2203
_____

UNITED STATES OF AMERICA

v.

ELROY BROW,
                            Appellant
_____

ON APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS
(D.C. No. 1-90-cr-00048-001)
District Judge: Honorable Wilma A. Lewis
_____

Argued December 8, 2022
Before: CHAGARES, *Chief Judge*, GREENAWAY, JR., and
FISHER, *Circuit Judges*
_____

(Opinion Filed: March 10, 2023)
_____

Matthew A. Campbell    [**Argued**]
Federal Public Defender

Office of the Federal Public Defender
Tunick Building
1336 Beltjen Road
St. Thomas, VI 00802

    *Counsel for Appellant*

Delia L. Smith
United States Attorney
Office of the United States Attorney
5500 Veterans Drive
St. Thomas, VI 00802

Adam Sleeper   [**Argued**]
Assistant United States Attorney
Office of the United States Attorney
5500 Veterans Drive
United States Courthouse
St. Thomas, VI 00802

    *Counsel for Appellees*

_____

OPINION OF THE COURT
_____

**GREENAWAY, JR**., *Circuit Judge*.

Elroy Brow appeals the District Court's denial of his First Step Act section 404(b) motion. Brow seeks a creative means to lower his sentence. Although the incarcerative portion of his sentence in this case is complete, he seeks a

manner of relief through the First Step Act that will effect a lowering of the incarcerative period of an unrelated, consecutive sentence (for voluntary manslaughter) from another federal court. Albeit intriguing, we choose to apply the dictates of the First Step Act in the way that its language and stated purpose is intended: to lower the incarcerative period of only a covered offense.

## I. BACKGROUND

### A. Factual Background

In June 1990, Brow was convicted by a federal jury on three counts: possession with intent to distribute cocaine, possession with intent to distribute marijuana, and conspiracy to possess with intent to distribute marijuana and cocaine. The jury did not make any findings about drug quantity.

The Presentence Report (PSR) determined that Brow was responsible for 492 grams of crack cocaine and 67 grams of marijuana.[1] On that basis, the PSR determined that Brow was subject to a maximum term of life imprisonment and a minimum term of ten years' imprisonment on Counts One and Three. The PSR also determined that Brow was subject to a mandatory minimum term of five years of supervised release.

Brow had two prior convictions for third-degree assault in the Virgin Islands Territorial Court and another prior

---

[1] Earlier in the PSR, it suggested the canvas bag in which the controlled substances were discovered in November 1989 contained 505 grams of crack cocaine and 73 grams of marijuana.

conviction for third-degree robbery in the District Court of the Virgin Islands.[2] The PSR found that all three convictions constituted crimes of violence. Hence, Brow was determined a career offender. Because Brow was a career offender and the offense was punishable by a maximum term of life imprisonment, the PSR determined that Brow's criminal history category was VI and his total offense level was 37. Thus, the PSR determined that Brow's Guidelines imprisonment range was 360 months to life.

Brow's sentencing hearing was held on August 21, 1990. His counsel conceded that he was a career offender and that the career offender sentencing calculations were correct.

After hearing argument from counsel, the District Court stated that it had "reviewed the presentence investigation report thoroughly." App. 102. It then determined that Brow's sentencing Guidelines range was 360 months to life and sentenced him to 360 months' imprisonment and 5 years of supervised release.

In an unrelated matter, in the United States District Court for the Northern District of Georgia (Georgia case), Brow was convicted of voluntary manslaughter, in violation of 18 U.S.C. § 1112, *United States v. Elroy Brow*, 1:94-cr-92 (N.D. Ga. 1994). He was sentenced to ten years' incarceration, to "run consecutively to any and all sentences previously imposed." SA44. He has served more than 32 years of the

---

[2] The PSR also revealed that Brow had a conviction for possession of a dangerous weapon during a crime of violence, which was charged in the same case as the robbery. The PSR refers to these convictions as convictions for robbery and assault.

4

administratively combined 40 years of incarceration (30 years here and 10 consecutive years in the Georgia case).

**B.     Procedural History**

Brow moved for an unspecified reduction of his term of incarceration and a reduction of his term of supervised release to four years, pursuant to the First Step Act section 404(b). The Government opposed that motion. The District Court rejected the magistrate judge's report and recommendation in favor of the Appellant and denied the First Step Act motion.

The District Court denied the First Step Act motion for several reasons. The District Court evaluated Brow's career-offender status, relying on this Court's 2021 decision in *United States v. Murphy*, 998 F.3d 549 (3d Cir. 2021), *abrogated on other grounds by United States v. Shields*, 48 F.4th 183, 190-92 (3d Cir. 2022), which required the District Court to recalculate Brow's current Guidelines range. In doing so, the District Court concluded that, for sentencing purposes, Brow remained a career offender because he had at least two prior convictions for crimes of violence. As a result, the Guidelines determination remained unchanged.

Finally, the District Court determined, after applying the factors enumerated in 18 U.S.C. § 3553(a), that no sentence reduction was appropriate. The District Court specifically rejected Brow's mitigation arguments about his age and likelihood of recidivism and that his crime did not involve violence or firearms.

Brow filed a timely Notice of Appeal seeking to overturn the District Court's Order.

5

## II.   JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction over this case pursuant to 48 U.S.C. § 1612 and 18 U.S.C. § 3231 and authority to consider reduction of the sentence pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 and 18 U.S.C. § 3582(c)(1)(B).[3] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Generally, we review a district court's denial of a sentence reduction under the First Step Act for abuse of discretion. *United States v. Easter*, 975 F.3d 318, 322 (3d Cir. 2020) *abrogated on other grounds by Shields*, 48 F.4th at 190-92. But the Court's review is de novo when a district court's decision rests purely on a question of law. *Murphy*, 998 F.3d at 554.

## III.   DISCUSSION

### A.   The First Step Act

A "court may not modify a term of imprisonment once it has been imposed" unless "expressly permitted by statute."

---

[3] Although our opinion does not address whether 18 U.S.C. § 3582(c)(1)(B) or § 3582(c)(2) grant district courts jurisdiction to decide First Step Act motions, the Supreme Court has recently stated in dicta that § 3582(c)(1)(B) is "simply a gateway provision that refers to whichever statute expressly permits the sentencing modification." *Concepcion v. United States*, 142 S. Ct. 2389, 2402 n.5 (2022) (cleaned up).

18 U.S.C. § 3582(c). The relevant statutes here are the Fair Sentencing Act and the First Step Act.

In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, which reduced the sentencing disparity between crack cocaine and powder cocaine offenses by increasing the drug quantity required to trigger mandatory minimum sentences for crack cocaine offenses. *See Dorsey v. United States*, 567 U.S. 260, 263-64, 269 (2012). But the Fair Sentencing Act was not retroactive and applied only to defendants who had been sentenced after August 3, 2010. *Id.* at 273.

In 2018, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 ("the First Step Act"), made the provisions of the Fair Sentencing Act applicable to those defendants convicted of "covered offenses" and sentenced before August 3, 2010. *See United States v. Jackson*, 964 F.3d 197, 200 (3d Cir. 2020). Section 404 of the First Step Act states:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.— A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–

7

220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act § 404, 132 Stat. at 5222.

Thus, under the language of the First Step Act, if a criminal defendant is eligible for resentencing, the court has the discretion—but is not required—to impose a reduced sentence. *See Shields*, 48 F.4th at 189.

The dispute here hinges on whether the First Step Act permits imposing a lesser term of imprisonment when the incarcerative period of the covered sentence is complete. The Government argues for the first time on appeal that Brow has completed the incarcerative portion of his covered sentence and is only being incarcerated for his conviction for voluntary manslaughter in the unrelated Georgia case that is not covered by the First Step Act.[4] Accordingly, the First Step Act, the

---

[4] Brow argues that the Government has "waived" this argument. We disagree with that characterization. The Government failed to raise this issue in the District Court and

Government asserts, does not permit the Court to lower Brow's sentence to a lesser term of imprisonment than time served.

Brow also argues that while his sentences were issued separately, they act as an undivided whole, and a reduction in one component can result in credit elsewhere.

## B.    Statutory Interpretation of the First Step Act

Motions made under the First Step Act are authorized by § 18 U.S.C. 3582(c)(1)(B). *Concepcion*, 142 S. Ct. at 2402 n.5 (Section 3582(c)(1)(B) is "simply a gateway provision that refers to whichever statute expressly permits the sentencing modification") (cleaned up). Section § 3582(c)(1)(B) "looks to other statutes to authorize and limit any modification proceedings under it." *Murphy*, 998 F.3d at 558.

Turning to the statute, we start, as we always do, with the statutory language. *Bonkowski v. Oberg Indus., Inc.*, 787 F.3d 190, 199 (3d Cir. 2015). A court considers the language of a statute in its natural and ordinary signification and if there is no ambiguity or obscurity in its language, there will usually

nothing in the record supports the notion that it intentionally relinquished the issue. S*ee United States v. Olano*, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is 'the intentional relinquishment or abandonment of a known right.'" (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938)). As a result, the Government forfeited this issue. But we may, and here do, "affirm on any ground supported by the record as long as the appellee did not *waive*—as opposed to *forfeit*—the issue." *TD Bank N.A. v. Hill*, 928 F.3d 259, 276 n.9 (3d Cir. 2019).

be no need to look elsewhere to determine intent. *See Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2496-97 (2022). The paraphrased form of section 404(b), already quoted above, states that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404, 132 Stat. at 5222.

Thus, the plain language of the First Step Act permits modification of a specific sentence under specific circumstances; the Act "does not give district courts *carte blanche* to modify terms of imprisonment other than those imposed for 'covered offenses.'" *United States v. Martin*, 974 F.3d 124, 137 (2d Cir. 2020); *see also Concepcion*, 142 S. Ct. at 2396 (The First Step Act "allows a district court to impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed.").

Under the First Step Act, "covered offenses" are those for which the statutory penalties were altered by sections 2 or 3 of the Fair Sentencing Act. § 404(a), 132 Stat. at 5222; *see* §§ 2-3, 124 Stat. at 2372. "The explicit reference to sections 2 or 3 of the Fair Sentencing Act demonstrates that the First Step Act permits a sentencing reduction *only* to the extent that sections 2 or 3 of the Fair Sentencing Act would apply." *Martin*, 974 F.3d at 138; *see also Kirtz v. Trans Union LLC*, 46 F.4th 159, 171 (3d Cir. 2022) (stating that where a statute contains an express definition, that definition must be applied for all purposes save for some extraordinary reason). The First Step Act thus authorizes a court to only alter sentences for "covered offenses." *See Dillon v. United States*, 560 U.S. 817, 825 (2010) (interpreting the language "may reduce the term of

10

imprisonment" in § 3582(c)(2) not to "authorize a sentencing or resentencing proceeding," but providing for a "modification of a term of imprisonment") (cleaned up). As *Martin* states, "section 404(b)'s text, along with its narrow scope, shows that Congress 'intended to authorize only a limited alteration to an otherwise final sentence . . . .'" 974 F.3d at 138 (quoting *Dillon*, 560 U.S. at 826).

The text of section 404(b) of the First Step Act permits only the "imposition of a reduced sentence," which we cannot then extend to reducing a period of incarceration that has already been completed. *See Martin*, 974 F.3d at 138 (cleaned up). The phrase "impose a reduced sentence" is not defined within the statute, so we construe it "in accordance with [its] ordinary or natural meaning." *Bonkowski*, 787 F.3d at 199 (quoting *FDIC v. Meyer*, 510 U.S. 471, 476 (1994)) (cleaned up). The ordinary or natural meaning may be determined by looking to dictionary definitions while keeping in mind the whole statutory text, the purpose, and context of the statute, and relevant precedent. *Id.* at 199-200. To impose something means "[t]o levy or exact," *Impose*, BLACK'S LAW DICTIONARY (11th ed. 2019), or to "establish or apply by authority," *see Impose*, Merriam-Webster.com, https://www.merriamwebster.com/dictionary/impose (last visited Dec. 9, 2022); *see also Martin*, 974 F.3d at 138 (same). As *Martin* makes clear, "[i]t makes little sense to bring about, exact, establish, or apply a *reduced* term of imprisonment where the term of imprisonment to be reduced has been completed." *Id.*

Interestingly, Brow suggests that the Court can still impose a reduced sentence because the Bureau of Prisons (BOP) administratively aggregated his sentence. But this is not the case. The BOP's administrative aggregation of Brow's

11

sentence does not affect our judicial authority. We lack the authority to reduce Brow's manslaughter sentence. *Id.* at 138-39. The First Step Act does not grant it to us, and we cannot simply extend what powers we are granted to a separate, noncovered offense. *Id.*; *see also Gov't of V.I. v. Knight*, 989 F.2d 619, 633 (3d Cir. 1993) (generally, "if the statutory language is clear, a court must give it effect" and cannot act contrary to what the text of the statute allows). There is also no indication from either the First Step Act or the Fair Sentencing Act that Congress intended to use this statute in a novel, unconventional manner as to allow the result suggested by Brow.[5] *See Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479, 483 (3d Cir. 2012) ("If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the

---

[5] The law was meant to address the disparity between powder and crack cocaine sentencing not serve as a vehicle to lower other, non-covered offenses. *See, e.g.*, 164 Cong. Rec. S7764 (Sen. Booker) ("The problem was the change [in the disparity between powder and crack cocaine sentencing addressed in the Fair Sentencing Act] wasn't retroactively applied. . . . We never made this change retroactive. . . . Making this fix in the bill alone will mean that thousands of Americans who have more than served their time will become eligible for release . . . ."); *id.* at S7774 (Sen. Feinstein) ("Congress addressed [the disparity between crack and powder cocaine sentencing] in 2010, when the Fair Sentencing Act became law. . . . Unfortunately, this new law did not apply retroactively, and so there are still people serving sentences under the 100-1 standard. The bill before us today fixes that and finally makes the Fair Sentencing Act retroactive so that people sentenced under the old standard can ask to be resentenced under the new one.").

precise question at issue, that intention is the law and must be given effect.") (cleaned up); *see also Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 527 (1989) (Scalia, J., concurring).

Brow was sentenced to thirty years of incarceration in this case, and was sentenced to ten years of incarceration for voluntary manslaughter in another, unrelated case. Brow has been incarcerated on those sentences for more than thirty years, and the Parties do not dispute that Brow has completed his term of incarceration on his convictions here but not his five-year term of supervised release. The Parties also agree that Brow is now serving the term of incarceration on the voluntary manslaughter case. Hence, the only thing keeping Brow in prison is his unrelated sentence for voluntary manslaughter.

The crime for which Brow remains incarcerated is not a covered offense under the First Step Act. Nor is there any express authorization in the First Step Act—under 18 U.S.C. § 3582(c)(1)(B)—for a district court to reduce the terms of incarceration for that sentence or to reduce a sentence on a covered offense that has already been served.

## IV. CONCLUSION

Accordingly, we join the Second Circuit in holding that the First Step Act does not permit district courts to impose a reduced sentence for covered offenses where those sentences have been fully served.[6] *See Martin*, 974 F.3d at 140. We will

---

[6] The Parties agree that whether Brow is entitled to a reduced sentence is the only question before the Court. Thus, we do not address Brow's arguments about the District Court's error in denying his request for a reduction of his supervised release, Brow's arguments that he is not a career offender, or Brow's

affirm the District Court's denial of Brow's First Step Act motion.

---

arguments that the District Court abused its discretion when it determined that the 18 U.S.C. § 3553(a) factors did not warrant a sentence reduction.