**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3000
_____

J. MICHAEL RUTTLE
Appellant

v.

SANDI BRADY; RYAN BERRY; DAVID BRIA; MATTHEW ROSS; CAROLINE
THOMPSON; BRYON MARSHALL; YARDLEY BOROUGH
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No.: 2-20-CV-05620)
District Judge: Hon. John M. Younge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2023

_____

Before: SHWARTZ, RESTREPO, and CHUNG, *Circuit Judges*

(Filed: August 29, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant J. Michael Ruttle challenges the District Court's order dismissing his First Amendment retaliation claims. We will affirm.

## I.[1]

During a September 29, 2018 Yardley Borough Council Executive Session, then-Councilmember J. Michael Ruttle expressed vehement frustration with the hiring process for the position of Yardley Borough Manager, suggesting that it reflected "corruption and cronyism" on the part of his fellow Councilmembers.[2] Appellant's App. ("App.") at 11 ¶ 19. Upset by Appellant's statements, Councilmembers Sandi Brady and Ryan Berry left the session "in a huff." *Id.* Appellant alleges that he had voiced these same criticisms "on numerous occasions" over a period of six months throughout the hiring process, which began in February 2018. *Id.*

At a November 7, 2018 council meeting, Safe Council Resolution No. 18-12 ("Resolution No. 18-12" or the "Resolution") was brought up for discussion. Described as an anti-bullying and harassment resolution, Resolution No. 18-12 would permit any councilmember to request that a police officer attend a council meeting, executive session, or committee meeting to ensure that meetings are a "safe and bully free

---

[1] We presume the parties' familiarity with the case and set out only the facts needed for the discussion below. These facts are based solely on the allegations in the Complaint unless otherwise noted.

[2] There is a discrepancy between the parties as to the date of the session. For purposes of this opinion, we will refer to it as occurring on September 29, 2018, as reflected in the Complaint.

environment." Appellees' App. ("Supp. App.") at 1. During the discussion, Appellant "argu[ed] against [the] resolution," and again expressed frustration with the Borough Manager hiring process. App. at 11 ¶¶ 20–21. Councilmember Caroline Thompson made a motion to censure Appellant, which was seconded by Councilmember Matthew Ross. Appellant voluntarily exited the meeting and did not return, and the Council subsequently passed both the censure motion and Resolution No. 18-12. Appellant alleges that the censure was intended to punish him and "deprive him of the opportunity to publicly denounce the corruption and cronyism engaged in by the Council, and argue against Resolution 18-12." *Id*. at 13 ¶ 35. Appellant does not allege that the Resolution was ever invoked; nevertheless, he states that he declined to participate in council meetings for the next twelve months as a result of its passage. Appellant's term on the Council ended "on or about January 1, 2020." *Id*. at 10 ¶ 2.

## II.

On November 9, 2020, Appellant avers that he filed claims under 42 U.S.C. § 1983 alleging violations of his First and Fourteenth Amendment rights, naming as defendants the Yardley Borough Councilmembers (who were active during the relevant times), as well as the Yardley Borough as a municipal corporation. Appellant alleges the censure motion and Resolution No. 18-12 "were both intended to abridge the [Appellant]'s right to free expression as secured by the [First] and [Fourteenth] [A]mendments of the Constitution of the United States." App. at 12 ¶ 31. Appellees filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and

3

the District Court dismissed the case with prejudice, finding Appellant's claims barred by the statute of limitations.[3] Appellant timely appealed.

## III.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of a motion to dismiss de novo. *Geness v. Cox*, 902 F.3d 344, 353 (3d Cir. 2018). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

## IV.

To state a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in "constitutionally protected conduct," (2) the defendant engaged in adverse

---

[3] Despite affirming, we disagree that the statute of limitations is dispositive of this case. Typically, the timeliness of a pleading is a question resolved *after* motions under Fed. R. Civ. P. 12(b). While the Third Circuit allows a statute of limitations defense to be raised by motion under Rule 12(b), the timeliness issue must be apparent from the face of the complaint. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). That is not the case here. Appellant's claims needed to be filed by November 9, 2020. Although the docket in this case reflects otherwise, Appellant alleges he timely filed, his Complaint is dated November 9, 2020 throughout, and he appended to his opposition to Defendants' motion to dismiss a document appearing to show an exchange with the Clerk of Court demonstrating that he timely filed that day. Without deciding if the latter unauthenticated document definitively resolves this discrepancy, we note simply that we may affirm the District Court on any ground not waived by Appellees, *United States v. Brow*, 62 F.4th 114, 119 n.4 (3d Cir. 2023), and we will address the merits of Appellant's Complaint and affirm dismissal on that basis, rather than on the statute of limitations.

retaliatory action "sufficient to deter a person of ordinary firmness from exercising his constitutional rights," and (3) there is "a causal link [] between the constitutionally protected conduct and the retaliatory action." *Palardy v. Twp. of Millburn*, 906 F.3d 76, 80–81 (3d Cir. 2018) (quoting *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)). "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

Appellant alleges that both the passage of Resolution No. 18-12 and the censure motion constituted retaliation to punish him for accusing members of the Council of corruption, in violation of the First Amendment. We review each of these arguments in turn and will reject both: Appellant's Complaint fails to state a claim either that (1) there exists a sufficient causal link between his allegedly protected speech and the passage of Resolution No. 18-12, or that (2) the censure motion is an adverse retaliatory action that would deter a person of ordinary firmness from exercising their First Amendment rights. *Palardy*, 906 F.3d at 80–81.

**A. Appellant has not properly pled causation between his speech and alleged retaliation in the form of Resolution No. 18-12.**

Appellant claims that the passage of Resolution No. 18-12 was retaliatory; however, he cannot show the requisite causal connection between his protected speech and its passage. He alleges that the Council's search for a new Borough Manager began in February 2018 and that he had "objected to this process for six months." App. at 9.

5

Although he discusses that he engaged in protected speech when he raised concerns that the process was tainted by "corruption and cronyism" at the September 29, 2018 meeting, Appellant concedes that he had brought this up previously "on numerous occasions." *Id.* at 11 ¶ 19. As such, despite Appellant's attempts to frame the passage of Resolution No. 18-12 on November 7, 2018 as the direct and immediate consequence of his protected speech on September 29, viewing the monthslong timeline he establishes in the pleadings as a whole, this is far from "an unusually suggestive temporal proximity" or "pattern of antagonism coupled with timing" sufficient "to establish a causal link" for purposes of a retaliation claim. *Lauren W.*, 480 F.3d at 267.

The meeting notes from the October 2, 2018 and November 7, 2018 Council Meetings further suggest that there was an equally, if not more plausible, animating force behind Resolution No. 18-12: to address bullying and harassment.[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 681–82 (2009) (looking to "obvious alternative explanation[s]" over causational allegations merely "consistent" with claim alleged). To be clear, "[w]e do not draw any conclusions about the truth of the testimony heard by the [] Council, but note only that certain testimony asserting" the purported need to address harassing

---

[4] Although these minutes were not appended to the Complaint, we take judicial notice of portions wherein members of the public and Councilmember Brady express concerns about Appellant's pervasive pattern of "bullying" behaviors in relation to matters not limited to his allegedly protected speech concerning the Borough Manager position. Supp. App. at 4–6, 8; *see Brown v. City of Pittsburgh*, 586 F.3d 263, 267 n.2 (3d Cir. 2009) (taking judicial notice of minutes from city council public meeting "as part of the familiar process of consulting legislative history in order to illuminate legislative intent").

6

behavior by Appellant conforms "with the purposes stated in the text of" Resolution No. 12-18. *Brown v. City of Pittsburgh*, 586 F.3d 263, 267 n.2 (3d Cir. 2009).

## B. Appellant cannot sustain a First Amendment retaliation claim based on the Council's censure motion because it is not an adverse retaliatory action.

Appellant's claim that the Council's censure motion constituted First Amendment retaliation also fails. The Supreme Court recently held that a verbal censure of a public official unaccompanied by any punishment, like the one at issue here, is not an "adverse" retaliatory action that can form the basis of a First Amendment retaliation claim. *Houston Cmty. Coll. Sys. v. Wilson*, 142 S. Ct. 1253, 1261 (2022) ("In this country, we expect elected representatives to shoulder a degree of criticism about their public service from their constituents and their peers—and to continue exercising their free speech rights when the criticism comes."). This case likewise "involves a censure of one member of an elected body by other members of the same body," and because it "does not involve expulsion, exclusion, or any other form of punishment," we similarly conclude that it cannot support a viable First Amendment claim. *Id.* at 1263.[5]

## V.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] In dismissing the Complaint with prejudice, the District Court did not address whether Appellant could feasibly cure the defects in his Complaint through amendment. However, because "no new factual allegations . . . would disturb [our] conclusion" as to the defects in both of Appellant's retaliation arguments, any such amendment would be futile. *Pacira BioSciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240, 249–50 (3d Cir. 2023). We will accordingly affirm the dismissal with prejudice.