NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4301
_____

UNITED STATES OF AMERICA

v.

ROBERT SMITH,
a/k/a "B", a/k/a "Born"

Robert Smith,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-14-cr-00152-001)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 23, 2017

Before: NYGAARD and FISHER, *Circuit Judges*.[*]

(Filed: December 20, 2023)
_____

OPINION[**]
_____

---

[*] The Honorable Joseph A. Greenaway, Jr. was a member of the merits panel. Judge Greenaway retired from the Court on June 15, 2023 and did not participate in the consideration of this motion.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

In 2017, Appellant Robert Smith came to us with seven claims on appeal following his conviction for a number of robbery, drug, and firearms crimes.[1] We found one argument—that he was improperly denied discovery on his selective enforcement claims—worthy of remand. Rather than opine on issues that could become moot, we held Smith's other claims *curia advisari vult* (C.A.V.) pending resolution of proceedings surrounding his selective enforcement claim in the District Court. Those proceedings remain ongoing.

In the meantime, Smith filed a motion in this Court for leave to file a supplemental brief raising several new arguments. We granted the motion, and now face those three newly raised issues. Specifically, Smith urges us to (1) order his resentencing as he no longer qualifies as a career offender under recent precedent; (2) vacate his conviction for violating 18 U.S.C. § 924(c); and (3) vacate his conviction for violating 18 U.S.C. § 922(g)(1). For the reasons set forth below, we will vacate Smith's sentence, remand for resentencing, and affirm his convictions under 18 U.S.C. §§ 922(c) and 922(g)(1).

We begin with Smith's first argument: that he is not a career offender under the United States Sentencing Guidelines. A district court is required to correctly calculate a defendant's sentence under the Guidelines prior to imposing any sentence. *United States*

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

*v. King*, 454 F.3d 187, 196 (3d Cir. 2006). An adult defendant is a career offender where

"the instant offense of conviction is a felony that is either a crime of violence or a

controlled substance offense" and "has at least two prior felony convictions of either a

crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (Nov. 1,

2016).[2] Smith was designated a career offender. Without the career offender label, Smith

would have been sentenced with an offense level of 34 and a criminal history category of

V, and he would have faced a Guideline range of 295–353 months' imprisonment on all

charges.[3] *Id.* ch.5, pt.A. With the career offender label, his offense level became 37 and

his criminal history category became VI.[4] *Id.* As a result, he faced a Guideline-range

sentence of 360 months to life imprisonment. *Id.* Smith was sentenced at the bottom of

that range, to 360 months imprisonment.

That sentence stemmed from Smith's four underlying convictions: (1) conspiracy

to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); (2) conspiracy to

possess with intent to distribute at least five kilograms of cocaine, in violation of 21

---

[2] We apply the version of the Sentencing Guidelines in effect at the time of Smith's sentencing. *See United States v. Omoruyi*, 260 F.3d 291, 297 (3d Cir. 2001).

[3] An offense level of 34 and criminal history category of V results in a Guidelines range of 235 to 293 months' imprisonment. U.S.S.G. ch.5, pt.A (Nov. 1, 2016). However, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), Smith's conviction for using, carrying, and possessing a firearm in connection with a crime of violence or a drug trafficking crime resulted in a statutory minimum sentence of sixty months imprisonment, set to run consecutively with all other charges. As such, his actual Guideline range would have been 295 to 353 months imprisonment.

[4] The career offender designation leads to a criminal history category of VI and an increase in a defendant's offense level. U.S.S.G. § 4B1.1(b).

U.S.C. § 841(a) and (b)(1)(A) and 21 U.S.C. § 846; (3) using, carrying and possessing a firearm in connection with those conspiracies, in violation of 18 U.S.C. § 924(c); and (4) possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At the time of Smith's original sentencing, the first and second of these offenses counted as "instant offense[s] of conviction" that were "crime[s] of violence or . . . controlled substance offense[s]." U.S.S.G. 4B1.1(a)(2) (Nov. 1, 2016). After his sentencing, however, we decided *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc), and *United States v. Abreu*, 32 F.4th 271 (3d Cir. 2022). In *Nasir*, we concluded that the Guidelines' definition of a "controlled substance offense" did not include inchoate crimes. 17 F.4th at 472. In *Abreu*, we concluded much the same with respect to the Guidelines' definition of "crime of violence." 32 F.4th at 278. Thus, Smith no longer has any instant offenses of conviction that would count as a crime of violence or a controlled substance offense and he is not a career offender.

Still, Smith's claim cannot succeed unless he demonstrates that his sentencing as a career offender constituted plain error. Plain error review is appropriate because Smith relies on case law promulgated by this Court during his direct appeal. "[T]he general rule . . . is that an appellate court must apply the law in effect at the time it renders its decision." *Henderson v. United States*, 568 U.S. 266, 271 (2013) (quoting *Thorpe v. Hous. Auth. of Durham*, 393 U.S. 268, 281 (1969)). It follows that, where a decision "results in a 'new rule,' that rule applies to all criminal cases still pending on direct

review." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). However, while the new rule applies, Federal Rule of Criminal Procedure 52(b) limits our review to plain errors. Fed. R. Crim. P. 52(b) (permitting "[a] plain error that affects substantial rights [to] be considered" on appeal "even though it was not brought to the [trial] court's attention."); *see also Henderson*, 568 U.S. at 270; *United States v. Pervez*, 871 F.2d 310, 314 (3d Cir. 1989). Courts may provide remedies under Rule 52(b) only if there is (1) an "error[,]" that is (2) "plain" and (3) "affect[s] substantial rights." *United States v. Olano*, 507 U.S. 725, 732–34 (1993). Satisfying all three prongs creates discretion to (4) "correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

The Government concedes that Smith has made his required showing on all four prongs of the plain error test, and we agree. *Nasir* and *Abreu* make plain an obvious error—specifically, the application of the career offender guideline to instant offenses that were not controlled substance offenses or crimes of violence as defined in the Sentencing Guidelines. And the plain error affected Smith's substantial rights, as the District Court relied on an incorrect Guideline range when fashioning his sentence. *Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016). Such errors "will in the ordinary case, as here, seriously affect the fairness, integrity, or public reputation of

judicial proceedings, and thus will warrant relief." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018).

Turning to that relief, Congress has provided that, where a "sentence was imposed . . . as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate." 18 U.S.C. § 3742(f)(1). So a remand for resentencing is appropriate. On remand, however, the District Court retains its typical discretion in imposing a sentence within a statutory range. *United States v. Brow*, 62 F.4th 114, 119 (3d Cir. 2023). The exercise of that discretion must involve consideration of Smith's corrected Guideline range. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). But it may also involve consideration of the Sentencing Commission's recent amendment to the definitions of "controlled substance offenses" and "crimes of violence" so that they now "include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense," notwithstanding the fact that the amended text is not binding. U.S.S.G. § 4B1.2(d); *Peugh v. United States*, 569 U.S. 530, 549 (2013) (reasoning that district courts are "free to give careful consideration to the current version of the Guidelines as representing the most recent views of the agency charged by Congress with developing sentencing policy."). The District Court may also consider evidence of Smith's conduct while incarcerated in fashioning an appropriate sentence. *Concepcion v. United States*, 597 U.S. 481, 493 (2022).

As to Smith's arguments about his convictions under 18 U.S.C. §§ 924(c) and 922(g)(1), we are unpersuaded. With respect to § 924(c), Smith contends that his conspiracy convictions (for Hobbs Act robbery and drug trafficking) no longer count as predicate offenses because they are not "crimes of violence." True enough, but § 924(c) predicates include "crime[s] of violence *or* drug trafficking crime[s]." *Id.* at § 924(c)(1)(A) (emphasis added). And a "drug trafficking crime" is "any felony punishable under the Controlled Substances Act." *Id.* at § 924(c)(2). Smith's conviction for conspiracy to possess with intent to distribute at least five kilograms of cocaine—in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846—is just that. Here, the jury unanimously and specifically convicted Smith of violating § 924(c) on the basis of *both* charged predicate offenses—Hobbs Act robbery and conspiracy to possess with the intent to distribute at least five kilograms of cocaine.

While it was error to treat the Hobbs Act robbery charge as a § 924(c) predicate, then, it was not error to treat his drug trafficking conspiracy charge as one. *United States v. Garcia-Vasquez*, 70 F.4th 177, 183 (3d Cir. 2023) (reasoning that "§ 924(c)(2) includes conspiracies"). And, in any event, relief is unavailable on plain error review unless a claimant shows that an error has affected his "substantial rights." *United States v. Marcus*, 560 U.S. 258, 262 (2010). In the ordinary case, that "means that there must be a reasonable probability that the error affected the outcome of the trial." *Id*. In this case, there was overwhelming evidence of Smith's guilt with respect to his conspiracy to

possess with intent to distribute charge and no reasonable possibility that guilt on his Hobbs Act robbery charge would have otherwise affected the jury's deliberations. Smith's conduct fits squarely within the range of "drug trafficking crime[s]" covered by § 924(c), and so we will not disturb his conviction here.

As to Smith's argument on his 18 U.S.C. § 924(g)(1) conviction, relief is similarly unavailable. True, the District Court did not instruct the jury on the correct *mens rea* for a felon-in-possession offense. *See Rehaif v. United States*, 139 S. Ct. 2191, 2199–2200 (2019) (holding that, in felon-in-possession cases, the Government must prove that a defendant knows he is a felon when illegally possessing a firearm). But a failure to do so "is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021). Here, such an argument is unavailing. Smith stipulated to a prior felony conviction at trial, and his presentence investigation report reveals a number of felony convictions that led to his imprisonment for a combined total of over seven years. "If a person is a felon, he ordinarily knows he is a felon," *id.* at 2097, and we see no reason that would not be the case where—as here—a defendant has a substantial and recent criminal history that would have placed him on notice of his status as a felon.

For the foregoing reasons, we will vacate Smith's sentence, remand for resentencing consistent with this opinion, and affirm his convictions for violating 18

U.S.C. §§ 922(c) and 922(g)(1). Those claims held C.A.V. in this Court's January 31, 2018 Opinion will remain in abeyance, pending resolution of Smith's discovery claim by the District Court.