**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2364
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER WILLIAMS, a/k/a Shaky,
                                                         Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:02-cr-00172-007)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 1, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: March 5, 2024)

_____

## OPINION*

PER CURIAM

Christopher Williams appeals pro se from the District Court's denial of his counseled motion for a reduction in sentence under Section 404 of the First Step Act of 2018. For the following reasons, we will affirm the District Court's judgment.

I.

In 2004, after a jury trial in the United States District Court for the Eastern District of Pennsylvania, Christopher Williams was found guilty of conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of crack, see 21 U.S.C. § 846, and two counts of possession of a firearm in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c). The § 924(c) counts were predicated on the drug conspiracy. Williams was sentenced to life imprisonment on the conspiracy count, plus a mandatory consecutive 30-year sentence on the § 924(c) counts (five years for the first and 25 years for the second.) The first § 924(c) charge was based on Williams' involvement in the shooting death of Grayling Craig in 2000. The second § 924(c) charge was based on the recovery of a loaded pistol and an extended magazine with live ammunition at the time of Williams' arrest. Williams appealed his sentence, but was ultimately resentenced to the same

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

sentence in 2006, which was affirmed on direct appeal. See United States v. Williams, No. 06-2975, 2007 WL 3122171 (3d Cir. Oct. 26, 2007).

In 2009, Williams unsuccessfully sought relief under 28 U.S.C. § 2255. He then filed a motion for relief under Federal Rule of Civil Procedure 60(b)(6), faulting his § 2255 counsel for failing to assert that his trial counsel was ineffective for failing to challenge his sentence because both § 924(c) counts were predicated on a single drug conspiracy. See United States v. Diaz, 592 F.3d 467, 474-75 (3d Cir. 2010) (holding that the Double Jeopardy Clause prohibits imposing two consecutive sentences for possession of a firearm in furtherance of drug trafficking under § 924(c) when a defendant was convicted of only one predicate drug trafficking offense). His motion was ultimately unsuccessful.

In 2019, Williams filed a pro se motion for a sentence reduction under Section 404 of the First Step Act of 2018; counsel supplemented the motion. After holding a hearing and applying the factors in 18 U.S.C. § 3553(a), the District Court reduced Williams' term of imprisonment on the conspiracy count from life to 15 years of imprisonment, leaving intact the sentences for the § 924(c) counts — five years for the first and 25 years for the second. The District Court did not consider in its sentencing assessment the fact that, per Diaz, Williams could not be sentenced on the second § 924(c) count under current law. Williams appealed, and we summarily remanded the case for the District Court to have an opportunity to consider that issue.

Williams filed a counseled motion following remand for the District Court to reconsider his motion pursuant to Section 404 of the First Step Act.[1]  After holding a hearing, the District Court denied relief.  Williams timely appealed, proceeding pro se.

II.

We have jurisdiction under 28 U.S.C. § 1291.  We generally review a district court's decision to deny a sentence reduction under the First Step Act for abuse of discretion; when the district court's decision "rests purely on a question of law," our review is de novo.  See United States v. Brow, 62 F.4th 114, 118 (3d Cir. 2023).

III.

We discern no error in the District Court's conclusion that an additional sentence reduction was not warranted under the circumstances of this case.  The District Court explained that Section 404 of the First Step Act made retroactive the statutory amendments of the Fair Sentencing Act of 2010, which reduced the crack-to-powder disparity from 100:1 to 18:1.  See Dorsey v. United States, 567 U.S. 260, 269 (2012).  The Supreme Court has since held that in evaluating a Section 404 motion, a court is not permitted to recalculate a defendant's base sentence "in any way other than to reflect the retroactive application of the Fair Sentencing Act."  Concepcion v. United States, 597 U.S. 481, 498 n.6 (2022).  But "the First Step Act allows district courts to consider intervening changes

---

[1]  Williams also sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), but he has not raised that issue in his appellate briefing and has thus forfeited it on appeal.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue an appellant fails to develop in an opening brief is forfeited).

4

of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." Id. at 500.

Williams argues on appeal that the District Court should have altered his sentence given Diaz, and that it failed to consider the arguments he raised regarding mitigating factors.[2] The District Court noted Williams' argument that, if he had been sentenced to-day, both of his § 924(c) counts could not have been predicated on the same single drug conspiracy offense under Diaz. However, Section 404 of the First Step Act does not per-mit a District Court to directly apply such a change in the law to Williams' § 924(c) sen-tences. See id. at 498 n.6.

After holding a lengthy hearing on the matter, the District Court declined to fur-ther reduce Williams' sentence. The Court recognized the invalidity of one § 924(c) con-viction under current law, but concluded that Williams' reduced aggregate sentence of 45 years was appropriate given his management role in a large-scale drug conspiracy, as well as his involvement in several acts of violence, including a murder. The District Court reasoned that the 45-year sentence was necessary given the seriousness of the un-derlying conduct and the need to protect the public, while also noting Williams' efforts at rehabilitation in prison. The decision made clear that the District Court had evaluated the parties' arguments and had reviewed the record, including the reasoning previously pro-vided at resentencing. See id. at 502 (explaining that district courts are not required to

---

[2] We do not consider any new arguments Williams raises for the first time in his reply brief. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

5

accept any party's arguments or "make a point-by-point rebuttal of the parties' arguments" in evaluating a Section 404 motion — "[a]ll that is required is for a district court to demonstrate that it has considered the arguments before it").

Accordingly, we will affirm the judgment of the District Court.