BLD-061                                                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2921
_____

UNITED STATES OF AMERICA

v.

ERNEST KYLE DYER,
                                                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:17-cr-00226-001)
District Judge:  Honorable Joseph F. Saporito, Jr.

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2025
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: January 15, 2025)
_____

OPINION[*]
_____

PER CURIAM

　　Ernest Dyer appeals pro se from the District Court's order denying his motion for

a reduction of his federal sentence. The Government has filed a timely motion for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

summary affirmance, and Dyer has filed a motion to appoint appellate counsel. We deny Dyer's motion, grant the Government's motion, and will summarily affirm the District Court's judgment.

Dyer entered a conditional guilty plea in the Middle District of Pennsylvania to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In 2021, the District Court sentenced Dyer to 110 months' incarceration followed by three years of supervised release, which was within the recommended range under the United States Sentencing Guidelines (USSG). This Court affirmed Dyer's conviction and sentence on direct appeal. See United States v. Dyer, 54 F.4th 155 (3d Cir. 2022).

Dyer then moved to reduce his sentence based on four different grounds: (1) a motion for "zero-point criminal amendments/retroactive" based on Part A of Amendment 821 to the USSG; (2) a motion for "start date of federal detainer"; (3) a motion for "double jeopardy law"; and (4) a motion for "First Step Act." See ECF No. 249 (altered to remove capitalization). The District Court construed Dyer's filing as a sentence reduction motion under 18 U.S.C. § 3582(c) and denied it because all four grounds were meritless. Dyer timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. See United States v. Thompson, 825 F.3d 198, 203 (3d Cir. 2016); United States v. Brow, 62 F.4th 114, 118 (3d Cir. 2023). We generally review the District Court's decision to grant or deny a motion for sentence reduction under 18 U.S.C. § 3582(c) for abuse of discretion, but if that decision rests solely on a question of law, our review is de novo. See Thompson, 825 F.3d at 203;

2

Brow, 62 F.4th at 118. We may summarily affirm the District Court's order if an appeal presents no substantial question for our review. See 3d Cir. L.A.R. 27.4; IOP 10.6.

First, the District Court appropriately interpreted Dyer's motion for "zero-point criminal amendments/retroactive" as a motion filed pursuant to § 3582(c)(2). Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission," but only if "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." For that reason, a district court proceeding under § 3582(c)(2) must first "follow the Commission's instructions in [applicable policy statement] §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." See Dillon v. United States, 560 U.S. 817, 821 (2010). According to Policy Statement § 1B1.10, a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2)" unless (1) a "covered amendment" listed at § 1B1.10(d) applies to the defendant, and (2) the amendment has the effect of lowering the defendant's applicable guideline range. See U.S.S.G. § 1B1.10(a)(2). Here, Dyer moved to reduce his sentence according to Part A of Amendment 821 to the USSG, which reduced the number of "status points" imposed in calculating a defendant's criminal history category from 2 points to 1 point. The District Court correctly determined that applying Amendment 821 would not alter Dyer's sentencing range. See ECF No. 256 at 5-6 (explaining that a reduction of Dyer's criminal history points from 18 to 17 points would still fall in Category VI). Therefore, a sentencing reduction was unauthorized under § 3582(c)(2).

3

Second, Dyer's "start date of federal detainer" argument briefly mentioned the Supremacy Clause of the United States Constitution, possibly asserted that his federal charges should have "had precedence" over his state misdemeanor charges, and listed dates related to his incarceration. See ECF No. 249 at 2. Dyer's point is unclear. If he intended to challenge the Bureau of Prisons's (BOP's) calculation of his sentence, then he should seek relief under 28 U.S.C. § 2241 in the appropriate district court. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as . . . computation of a prisoner's sentence by prison officials"). However, Dyer's filing was too vague for any jurist to construe any part of it as a viable § 2241 petition, so the District Court did not err by rejecting his federal detainer issue as meritless.

Third, Dyer moved to reduce his sentence on double jeopardy grounds. The motion did not explain why his sentence violated principles of double jeopardy, but it cites several state court dockets. We see no error in the District Court's reasoning that his federal conviction did not violate the Double Jeopardy Clause of the Fifth Amendment.

Finally, Dyer's motion "for First Step Act" listed several features of the First Step Act of 2018, but it did not specify why any part of the First Step Act applied to his sentence. Generally, § 3582(c)(1)(B) authorizes a district court to resentence a defendant who was convicted of a "covered offense" under the First Step Act. See Brow, 62 F.4th at 119-20 (further noting that "covered offenses" are narrowly limited to those that were

4

altered by sections 2 or 3 of the Fair Sentencing Act of 2010). But Dyer's offense is not a covered offense, so he is not entitled to resentencing under the First Step Act.

Consequently, we will affirm the judgment of the District Court.